Pearson, J.
 

 The plaintiffs are not entitled to the reliefasked for, because the defendant isa
 
 bona fide
 
 purchaser for valuable consideration, without notice. When both parties are equally entitled to consideration, Equity does not aid either, but leaves the matter to depend upon the legal title.
 

 The mother of the plaintiffs knew that the object of her husband, in procuring the legal title, was to enable him to sell the land, and they apply to this Court, with but little grace, to lend its aid to the consummation
 
 *323
 
 of a fraud upon the purchaser. It is true, married women cannot part with their land, unless consent be given in the form prescribed by law. And a purchaser, who has not obtained the legal title, cannot come into equity' for assistance, upon the ground, that he has been induced to pay his money by a fraudulent combination between the husband and his wife. But when the purchaser gets the legal title, and the wife or her heirs are obliged to come into equity, it is a different question, and he will not be required to give it up, unless he had notice of the wife’s rights.’
 

 It was urged that, as the distributive share belonged to the wife, she was the meritorious cause of the consideration paid for the land, and ought not to be prejudiced by the destruction of the deed, as it was done, not only against her consent, as implied by law (she having no capacity to consent, except in a prescribed form,) but against her express wish, until she yielded to importunity. The argument would have much force against a volunteer, but cannot avail against the defendant. The distributive share belonged to the husband by his act of as-signment; so the wife paid nothing, and we are asked, in favor oí her heirs, to make a purchaser give up a valid legal title. There is no principle upon which it can be done: possibly', if the plaintiffs were acting upon the defensive, this Court would not interfere against them. But they have not the legal title ; have paid nothing, and are asking aid against one, who has paid the full value without notice.
 
 Tolar
 
 v.
 
 Tolar,
 
 1 Dev. Eq. 457.
 
 Tate
 
 v.
 
 Tate
 
 1 Dev. & Bat. Eq. 22, and
 
 Tyson
 
 v.
 
 Harrington,
 
 were cases against volunteers.
 

 It was further urged, that as the deed was executed, and the ceremony of registration alone was wanting to confer a legal title, which it was not in the wife’s power to have done ; she had something more than a mere equity, an incomplete legal title, and therefore stands upon higher ground, than the ordinary case of one who seeks to set
 
 *324
 
 •lip an equitable title. Be that as it may, no one has superior claims to the consideration of a Court of equity, than a purchaser without notice; a,nd there is no case in which the Court has interfered to deprive such a purchaser of a legal advantage. This principle is carried out in all the cases. If the power of appointment be defectively executed, and the appointee is a younger child or wife, aid will be given as against the heir at law, but not against a purchaser. In 1 Ch. Cas. 170, a sale was made of copy-hold land, but there was no surrender. After-wards the vendor devised the land to his wife and daughter, and a surrender was duly made to the use of the will, upon the death of the vendor. The vendee, who had an incomplete legal title, filed his bill against the wife and daughter, praying for a conveyance. It appearing that the husband had agreed before the marriage to settle the land upon the wife, she was considered as a purchaser, and the Court refused to deprive her of the legal advantage, which she had under the devise and surrender. But relief was given against the daughter who was a volunteer.
 

 Per Curiam.
 

 Bill dismissed with costs.