ALDICE G. WARREN, as Receiver, etc., Respondent, *v.* ALANSON WILDER, Impleaded, etc., Appellant.

After the appointment of plaintiff as receiver in supplementary proceedings against J., the latter conveyed his farm to defendant A. in consideration of an agreement by A. to cancel and discharge a debt due from J. to him, pay all of plaintiff's claims, as receiver, and also pay and discharge certain other debts owing by J. The creditors specified assented to the arrangement. A. paid the amount due upon the judgment plaintiff then represented, together with his claims for costs and expenses, but, before he had paid the other debts named, G., another creditor, obtained a judgment against J., to which the receivership was extended. This action was thereupon brought to have the said conveyance declared fraudulent and void as to J.'s creditors. It appeared that A. had acted in good faith, without knowledge of G.'s claim, and that the price agreed to be paid was a full and adequate consideration. *Held,* the action was not maintainable; that by his agreement, and the adoption thereof by the creditors, whose claims he assumed, A. became legally bound as principal debtor; and as the creditor represented by plaintiff had no prior claim to defendant, but both were general creditors with equal equities, the latter was entitled to the benefit of the general rule that, when the equities are equal the legal title must prevail.

*Sargent* v. *E. B. A. Co.* (11 N. Y. State Rep. 68) distinguished.

Also, *held,* that the action was one "affecting the title to real property, or an interest therein," within the meaning of the provision of the Code of Civil Procedure (§ 191, sub. 3) limiting appeals to this court, and so the order of General Term granting a new trial was reviewable here although the judgment represented by plaintiff was less than $500.

(Argued March 25, 1889; decided April 23, 1889.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 4, 1888, which reversed a judgment in favor of the defendant, entered upon a decision of the court on trial at Special Term.

This action was brought to set aside a deed of certain lands, executed by defendant Joel Wilder to defendant Alanson Wilder, as fraudulent as against the creditors of the grantor.

Plaintiff was originally appointed receiver of the property of said Joel Wilder in supplementary proceedings in an action by one Arnold and others against said Wilder. The judgment in that action, and the receiver's costs and expenses, were paid and satisfied by said Alanson Wilder, pursuant to the agreement under which he received the conveyance sought to be set aside. Subsequently S. A. J. and A. Garrett recovered judgment against said Joel Wilder, and plaintiff's receivership was extended to that judgment.

Further facts appear in the opinion.

*J. A. Stull* for appellant. Title to real estate embraces the right to possession and every right or interest in it, except the bare naked possession. (*Ehle* v. *Quackenboss*, 6 Hill, 537; *Gage* v. *Hill*, 43 Barb. 44; *Powell* v. *Rust*, 8 id. 567; *Mann* v. *Cooper*, 25 N. Y. 180; *Little* v. *Dean*, 34 id. 452; *Wheeler* v. *Scofield*, 67 id. 311; *Nichols* v. *Voorhis*, 74 id. 28, 29; *Scully* v. *Sanders*, 77 id. 590; *Payne* v. *Becker*, 87 id. 153, 157; *Knapp* v. *Deyo*, 108 id. 518.) The law of this state allows an insolvent debtor, not having sufficient property to pay all his debts, to prefer, among his creditors, such as he chooses to pay in full, even though the effect of the transaction is to leave other creditors unpaid. And it also permits such of the creditors as are thus preferred to accept and receive transfers of the debtor's property, real or personal, in payment of or security for their debts, so long as it is done solely to secure payment of their own just claims, and not with the fraudulent intent of cheating the other creditors. (*Towsley* v. *McDonald*, 32 Barb. 605–611; *Auburn Exch. Bk.* v. *Fitch*, 48 id. 344; *Pond* v. *Comstock*, 20 Hun, 494; Bump on Fraud. Convey. 213, 217, 218, 226, chap. 7 on Preferences; *Seymour* v. *Wilson*, 19 N. Y. 417, 421; *Murray* v. *Briggs*, 89 id. 447–451.) Alanson, in accepting the transfer, in fact and by agreement, made himself their principal debtor in the place of

Joel. (*Ayers* v. *Dixon*, 78 N. Y. 318, 323, 324; *Johnson* v. *Zink*, 51 id. 333; *Colgrove* v. *Tallman*, 67 id. 95; *Burr* v. *Beers*, 24 id. 178; *Wilcox* v. *Campbell*, 35 Hun, 254; *Lawrence* v. *Fox*, 20 id. 268.)

*W. H. Whiting* for respondent. The judgment upon which the action is founded being less than $500, is not appealable to this court. (Code of Civil Pro. § 191, sub. 3; *Porter* v. *Williams*, 9 N. Y. 147, 148; *Lynch* v. *Johnson*, 48 id. 27, 33; *Wheeler* v. *Scofield*, 67 id. 311, 315; *Petrie* v. *Adams*, 71 id. 79; *Roosevelt* v. *Linkert*, 67 id. 447; *Nichols* v. *Voorhis*, 74 id. 28; *Scully* v. *Sanders*, 77 id. 598; *Payne* v. *Becker*, 87 id. 153, 157; *Wright* v. *Nostrand*, 94 id. 31; *Decker* v. *Decker*, 108 N. R. 128; *Trevett* v. *Barnes*, 28 Alb. L. J. 416; *Loos* v. *Wilkinson*, 110 N. Y. 195, 216.) This is an action in the nature of a creditor's suit. The complaint contains all the necessary allegations, viz.: The recovery of a judgment, the issuing of an execution, out of a court of record, against the property of the judgment-debtor, to the sheriff of the county where he resided, and the return of said execution by said sheriff wholly unsatisfied. (Code of Civil Pro. § 1871; *Porter* v. *Williams*, 9 N. Y. 147, 149; *Lynch* v. *Johnson*, 48 id. 27, 33; *Decker* v. *Decker*, 108 id. 128, 134.) The action does not affect the title to real property or an interest therein. (*Wheeler* v. *Scofield*, 67 N. Y. 311, 315; *Wright* v. *Nostrand*, 94 id. 31; *Loos* v. *Wilkinson*, 110 id. 195, 216; *Nichols* v. *Voorhis*, 74 id. 28; *Boswick* v. *Menke*, 40 id. 383.) Alanson Wilder was not a *bona fide* purchaser of said premises. (*Nickerson* v. *Meacham*, 14 Fed. Rep. 381; Perry on Trusts, § 219; *Thomas* v. *Stone*, Walker's Ch. 117; *McBee* v. *Lofis*, 1 Strobhart's Eq. 90; *Harris* v. *Norton*, 16 Barb. 264; *Doswell* v. *Buchanan*, 3 Leigh, 365; Newland's Eq. 145; Beame's Pleas in Equity, 347; *Jewett* v. *Palmer*, 7 Johns. Ch. 65; *Harrison* v. *Southcote*, 1 Atk. 538; *Story* v. *Lord Windsor*, 2 id. 630; *Pardingham* v. *Nichols*, 3 id. 304.) A purchaser who has not paid the full consideration is

not protected as a *bona fide* purchaser. (2 Pomeroy's Eq. Juris. 750; Perry on Trusts, § 221; *Paul* v. *Fulton,* 25 Mo. 156; *Wormley* v. *Wormley,* 8 Wheat. 449; *Dugan* v. *Vattier,* 3 Black [Ind.] 245; *Lewis* v. *Phillips,* 17 Ind. Rep. 108; *Patten* v. *Moore,* 32 N. H. 382; *Blanchard* v. *Tyler,* 12 Mich. 339; *Palmer* v. *Williams,* 24 id. 328; *Hunter* v. *Simrall,* 5 Litt. [Ky.] 62; *Tourville* v. *Naish,* 3 P. Wms. 306; *Jones* v. *Stanly,* 2 Eq. Cas. 685; *Merritt* v. *Northern R. R. Co.,* 12 Barb. 605; *Jackson* v. *Cadwell,* 1 Cow. 622; *Freeman* v. *Deming,* 3 Sandf. Ch. 327; *Swayze* v. *Burke,* 12 Pet. 11; *Matson* v. *Heirs, etc.,* 42 Mich. 473; *Murray* v. *Ballou,* 1 Johns. Ch. 566; *Campbell* v. *Roach,* 45 Ala. 667; *Marsh* v. *Armstrong,* 20 Minn. 81: *Miner* v. *Willoughby,* 3 id. 255; *Spicer* v. *Walters,* 65 Barb. 227.) Joel Wilder was, at the time of the appointment of the receiver, the owner in fee simple of the farm. (*Berridge* v. *Glasser,* 32 Alb. L. Jour. 25.) A recital cannot control the plain words in the granting part of a deed. (*Huntington* v. *Havens,* 5 Johns. Ch. 23; *Chaplin* v. *Strodes,* 7 Watts, 410; *Marquis of Cholmondeley* v. *Lord Clinton,* 2 Barn. & Ald. 625; *Walsh* v. *Trevanion,* 15 Ad. & El. 734; *Bailey* v. *Lloyd,* 5 Russ. 330; *Moore* v. *Griffin,* 9 Shipley, 350; *Mitchell* v. *Morse,* 32 Alb. L. Jour. 395.) The grant in the premises of a deed controls the habendum clause. (*Mott* v. *Richtmyer,* 57 N. Y. 49, 63; *Tyler* v. *Moore,* 42 Penn. St. 386; *Jackson* v. *Ireland,* 3 Wend. 100; 4 Kent's Com. 468; 3 Wash. on Real Prop. [5th ed.] 469.) An estate in fee created by a will or deed cannot be cut down by a subsequent clause. (*Van Horne* v. *Campbell,* 100 N. Y. 287; *Roseboom* v. *Roseboom,* 81 id. 359; *Campbell* v. *Beaumont,* 91 id. 467.) On the 29th day of August, 1885, when Joel Wilder executed the deed to Alanson Wilder, Joel had absolutely no title to the property. The title to the whole estate was vested in the receiver. (Code of Civ. Pro. § 2468; *Verplanck* v. *Van Buren,* 76 N. Y. 247.) The inference of fraud from the facts proven and undisputed was inevitable, and, as matter of law, the court erred in giving judgment against the plaintiff. Joel Wilder

must be deemed to have intended the natural and inevitable consequences of his acts, and that was to hinder, delay and defraud his creditors. (*Coleman* v. *Burr*, 93 N. Y. 17, 31.)

PARKER, J. A few days before the rendition of the Garrett judgment, upon which this action by the receiver is based, Joel Wilder conveyed his farm to Alanson Wilder. At that time Joel was indebted to Alanson in a sum exceeding $700 and interest. The consideration for the transfer agreed upon was that Alanson should cancel and discharge his own debts and claims against Joel; pay and discharge all claims which the plaintiff, as receiver, then had against Joel; pay and discharge the debt of Joel to Louisa Wilder of $400 and interest, and pay and discharge Joel's debt to Willard Wilder, amounting to $260 and interest. The grantee paid the amount due upon the Arnold judgment, which the receiver then represented, together with his claims for costs and expenses. Subsequently an order was duly made extending the receivership of the plaintiff over the property of Joel Wilder so as to represent the Garrett judgment. Thereafter the plaintiff commenced this action, in which he seeks to have the deed from Joel to Alanson declared fraudulent as to the creditors of Joel Wilder, and that the defendants Alanson Wilder and Louisa, his wife, be decreed to convey the same to the plaintiff, as receiver.

The trial court found, as a matter of fact, "that such sale and conveyance was made upon full and adequate consideration, and was not made or accepted by said Alanson Wilder for the purpose or with intent to hinder, delay or defraud the judgment-creditors represented by the plaintiff as receiver;" and, as a conclusion of law, "that the conveyance of the interest of said defendant Joel Wilder was valid and effectual, and vested in said Alanson Wilder all the interest of said Joel Wilder thereto, on the 29th day of August, 1885," and rendered judgment in favor of the defendant dismissing the case upon the merits.

The General Term, not questioning the findings of fact

made by the trial court, reversed the judgment of the Special
Term solely upon the ground that the defendant had notice
of the claim represented by the receiver before payment made
to Louisa and Willard Wilder.   Holding that because of such
notice before full payment the case comes within the familiar
rule "that the party relying upon the defense that he is a
*bona fide* purchaser, entitled to hold, notwithstanding a prior
equity, must show actual payment or performance before
notice."   From the findings of fact made by the court below,
and the undisputed testimony, it appears that the defendant
acted in good faith and without knowledge even of the Garrett
claim; that he agreed to pay full and adequate consideration
for the property; that he was a creditor of Joel Wilder; that
he accepted the conveyance on the agreement that the
indebtedness due to him from Joel should form a part of the
consideration; that he agreed to pay the balance of the con-
sideration as provided in the deed, to wit: "As a part of
the consideration hereinbefore mentioned the said Alanson
Wilder assumes and agrees to pay, according to the terms
thereof, two certain promissory notes, executed by said Joel
Wilder about three years ago, one for $300 and interest
thereon, and the other for $100 and interest thereon; also one
certain promissory note given by said Joel Wilder to one
Willard Wilder about one year ago, for $100 and interest
thereon;" and that Louisa and Willard Wilder consented to
the agreement by which Alanson was to assume and pay their
claims, as provided in the deed.

Upon the making of the agreement and subsequent delivery
and acceptance of the deed, with the adoption of the promise,
on the part of the grantee, by Louisa and Willard Wilder, the
defendant, Alanson Wilder, became the principal debtor, and
the grantor his surety for the payment of the debts.   (*Law-
rence* v. *Fox*, 20 N. Y. 268; *Burr* v. *Beers*, 24 id. 178;
*Ayers* v. *Dixon*, 78 id. 318.)   The defendant paid the
receiver according to the requirement of the deed and was
liable as principal to pay the amount due to Louisa and Wil-
lard Wilder, but had not actually done so when he learned of

the existence of the judgment which the plaintiff, as receiver, represents. The question presented, therefore, is whether or not a creditor who purchases property of his debtor in good faith, for the purpose of securing his debts, but has not actually paid the balance of the purchase-price, although legally bound and financially able to do so, when he learns that there are other creditors of his debtor, is in a position to assert title as against such creditors in an action brought to declare the conveyance fraudulent.

The court below held that he was not, and cited, as authority for such holding, *Sargent* v. *Eureka Bung Apparatus Company* (11 N. Y. State Rep. 68). In that case the plaintiff had an agreement with an inventor named Warren, which gave to the plaintiffs certain rights in a patent which were violated by an assignment of the patent from Warren to Bigelow, and by the latter to the defendant, and it appearing that the defendant had notice of plaintiff's equity before payment, the court held that a purchaser of patent-rights does not stand in the position of a *bona fide* purchaser as against a prior assignee of the vendor, unless he has made full payment before notice of the assignment; and in the course of a well-considered opinion the court says: "That when a purchaser is advised of a prior claim of another, which denies to the seller, as against him, the right to make the sale, he should desist from proceeding further to complete his purchase; or if he thereafter proceeds, in performance of his contract, to do so, subject to the equities of such party in whom rests the prior right."

The doctrine of that case is not applicable to this. This plaintiff did not have a prior claim to the defendant at the time of the conveyance. They were both general creditors of the debtor. As such their equities were equal, and the defendant having obtained title to the property, in good faith and for a valuable consideration, while his equity was the same as the judgment-creditor, represented by the receiver, is entitled to the benefit of the universal rule that when the equities are equal the legal title must prevail. (*Seymour* v. *Wilson*, 19 N. Y. 417.)

The motion to dismiss the appeal must be denied. The action is brought to set aside a deed and to compel a conveyance, and is, therefore, an action "affecting the title to real property, or an interest therein." (*Nichols* v. *Voorhis*, 74 N. Y. 28.)

The order appealed from should be reversed, and the judgment of the Special Term affirmed, without costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Order reversed.