In the Matter of the Final Accounting of ANGEL J. SIMPSON, as Assignee of the EMPIRE STATE KNITTING COMPANY, for the Benefit of Creditors.

ALBERT IVINS CROLL, the SCHENECTADY BANK and JONATHAN LEVI, Creditors, Appellants; ANGEL J. SIMPSON, as Assignee of the EMPIRE STATE KNITTING COMPANY, for the Benefit of Creditors, and FRANCIS M. MARKS, Respondents.

*Assumption of a mortgage by a corporation which subsequently becomes insolvent — the mortgagee is entitled to a dividend upon the entire mortgage debt notwithstanding its foreclosure — a receiver employing his partner as counsel.*

Where a corporation, which has assumed the payment of a mortgage upon property conveyed to it, becomes insolvent before anything has been realized upon the mortgage by the mortgagee, and the mortgagee subsequently forecloses the mortgage and enters judgment for the deficiency arising upon the sale, he is entitled to receive from the receiver of the corporation a dividend upon the whole amount of his debt as it existed at the time of the appointment of the receiver, provided such dividend does not exceed the amount of the deficiency.

While the employment by a receiver of his partner as counsel in legal matters relating to the receivership is not to be commended, yet, when it clearly appears that the receiver has not and is not to share in the compensation for such services, there is no law which prevents such employment and payment.

APPEAL by Albert Ivins Croll, a creditor herein, from so much of an order, made at the Saratoga Special Term and entered in the office of the clerk of the county of Schenectady on the 14th day of October, 1898, confirming the report of a referee appointed to take and state the accounts of the assignee, as adjudges that the allowance made in paragraph 2 thereof shall be subject to deduction by reason of any offset which may exist in favor of the assignee and as against the said Croll for any unpaid taxable costs and disbursements growing out of the litigations and proceedings which have been had as between him and the said assignee, and also from so much of said order as provides that out of the funds in the hands of the assignee belonging to the assigned estate, the assignee retain the charges and expenses of this proceeding herein, as to which he is directed to report to the court for its approval of his payments, and that he distribute the balance of said fund *pro rata* among the creditors of the assignor, whose names and the amount of whose claims are set forth in the list or schedule appended to said order, and that

upon such disposition and such payment he be discharged, and especially from so much of said order and the schedule appended thereto as adjudges that Francis M. Marks is a creditor entitled to principal, $39,241; interest, September, 1895, to June 26, 1896, $1,929.34, making a total of $41,170.34, the dividends to be paid on such claim not to exceed, however, the sum of $19,169.05.

Also, an appeal by the Schenectady Bank and Jonathan Levi, creditors herein, from so much of said order as directs that the assignee distribute the balance of the fund in his hands *pro rata* among the creditors of the assignor, whose claims and the amounts of whose claims are set forth in the list or schedule appended to such order, and adjudges that Francis M. Marks is a creditor and entitled to a *pro rata* dividend of the said fund, based upon the sum of $41,170.34, not to exceed, however, the sum of $19,169.05; and from so much of said order as directs that in adjusting the dividend to be allowed Albert Ivins Croll, as creditor, he shall receive, in addition to his dividend, a sum representing his *pro rata* share as a creditor of an amount of $100; and from so much of said order as directs that out of the funds in the hands of the assignee belonging to said assigned estate, the said assignee retain the charges and expenses of his proceedings herein, as to which he is directed to report to the court for its approval of his payments.

*S. W. Jackson,* for Schenectady Bank and Jonathan Levi, appellants.

*Benno Loewy,* for Albert Ivins Croll, appellant.

*A. J. Simpson* and *Benjamin N. Cardozo,* for the assignee, respondent.

*Zeb A. Dyer,* for Francis M. Marks, respondent.

Herrick, J.:

The most serious contention made upon this appeal is against the allowance and payment by the receiver of a dividend to the creditor Marks, upon the whole amount of his bond and mortgage, notwithstanding he had, after the appointment of the receiver, and the sale of the real estate by him, foreclosed his mortgage, and obtained judgment for a deficiency.

The corporation having assumed the payment of the mortgage when it took the conveyance of the property, thereby became the

debtor of the mortgagee, and said mortgagee could enforce the payment of the mortgage debt by such corporation. (*Burr* v. *Beers*, 24 N. Y. 178; *Thorp* v. *Keokuk Coal Co.*, 48 id. 253; *Hume* v. *Hendrickson*, 79 id. 117; *Schley* v. *Fryer*, 100 id. 71; *Wager* v. *Link*, 134 id. 122; *Clark* v. *Howard*, 150 id. 232; *Wager* v. *Link*, Id. 549.) Such indebtedness is not a contingent liability of the party assuming the payment of the mortgage; by such assumption he becomes the principal debtor. (*Warren* v. *Wilder*, 114 N. Y. 209, 214.) And the mortgagee can enforce its collection against the person so assuming it without resort to the mortgagor or foreclosing the mortgage. (*Burr* v. *Beers*, *supra*; *Thorp* v. *Keokuk Coal Co.*, *supra*.) At the time of the insolvency of the corporation and the appointment of the receiver herein, nothing had been realized upon the mortgage by its holder; the whole amount of it was then owing by the corporation; and the holder of the mortgage had a right to foreclose the mortgage, and in the event of a deficiency, demand and receive a dividend upon the whole amount of his debt as it existed at the time of the appointment of the receiver, without regard to the proceeds of the sale received by him, provided such dividend did not exceed the amount of the deficiency. (*People* v. *Remington*, 54 Hun, 505; S. C., 121 N. Y. 328; *Chemical Nat. Bank* v. *Armstrong*, 19 Fed. Rep. 372.)

Objection is also made to the allowance to the partner of the receiver of a sum in compensation for legal services rendered as counsel to the receiver.

While the practice of trustees employing their copartners in business as counsel in their legal matters is one not to be commended, still when it clearly appears, as in this case, that the trustees have not, and are not, to share in the compensation for such services, there is no law against such employment and payment. (*Parker* v. *Day*, 155 N. Y. 383.)

I have examined the other objections raised by this appeal and find nothing in them to call for discussion or for a reversal of the order.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.