be compelled by mandamus to pay a sum of money to the relator for which no appropriation has been made.

The judgment and order must be affirmed, without prejudice to the right of the relator to sue.

---

(36 Misc. Rep. 266.)

### HOLMES v. NORTHERN PAC. RY. CO.

(Supreme Court, Special Term, New York County. November, 1901.)

1. DEMURRER TO ANSWER.
   - On demurrer to answer the sufficiency of the complaint will be reviewed.
2. MORTGAGE—ASSUMPTION OF DEBT.
   A bondholder sued to recover from defendant, a successor of the corporation issuing the bonds, interest on the bonds of its predecessor. The complaint alleged the issue of the bonds and the possession of plaintiff; that defendant acquired on foreclosure the railroad covered by the mortgage described in the bonds, subject to the debt secured by the mortgage, and thereby assumed payment thereof; and that defendant thereafter duly covenanted to pay the same, with interest. *Held*, that the complaint is demurrable, as not alleging the fact that defendant assumed payment of such mortgage.

Action by Artemas H. Holmes against the Northern Pacific Railway Company. Demurrer to answer overruled.

Holmes, Rapallo & Kennedy, for demurrant.
William Nelson Cromwell, for defendant.

SCOTT, J. Although the pleadings in the present action differ somewhat from those in the former action of the same title, in which an opinion has recently been handed down by the appellate division in this department (72 N. Y. Supp. 476), that opinion is, in effect, decisive of the issues raised by the demurrer to the present answer. The second and third separate defenses in the present action do not contain a repetition of the denials and allegations contained in the first defense, and the demurrer is not, therefore, obnoxious to the very obvious objections which confronted the demurrer in the first action,—that it applied only to a part of each defense. The demurrer, however, searches the whole record, and invites an inquiry as to the sufficiency of the complaint. A majority of the appellate division seems to have been of the opinion that the complaint in the earlier action between these parties was insufficient. The opinion of the court, concurred in by three of the justices, reads as follows:

"Here the complaint is bad. It counts upon a covenant made by the defendant. There is nothing in it to show that the covenant was made upon consideration. It is not declared in the complaint that it is under seal, and that will not be implied. The complaint does not show with whom the covenant was made, or that it was made for the plaintiff's benefit; nor does the plaintiff bring himself in privity with the covenantor."

If the present complaint was identical with that under consideration by the appellate division, the opinion from which quotation has been made would be controlling in the present action. It is identical save for the insertion of a single new paragraph, and it becomes,

necessary to inquire whether the insertion of that paragraph has cured the defects found by the appellate division in the former complaint. The plaintiff sues as the holder of certain bonds issued by the Northern Pacific Railroad Company, a corporation which preceded the present defendant. This action and the earlier one are for installments of interest. In the former action the plaintiff, after setting out the issue of the bonds and his ownership of them, contented himself with alleging that "heretofore, on November 10, 1896, and thereafter, the defendant duly covenanted, undertook, and agreed well and truly to pay and discharge each of said bonds, and also punctually and regularly to pay or cause to be paid the interest thereon as it matured, until said bonds were paid or discharged." The present complaint contains this same paragraph, the imperfections of which, as stating a cause of action in behalf of plaintiff against the defendant, have been pointed out by the appellate division, but prefaces it by a paragraph reading as follows:

"That the defendant in the year 1896, and prior to, on, or about November 10, 1896, and pursuant to certain decrees in foreclosure in the United States circuit court for the Eastern district of Wisconsin, and to certain other decrees duly made and entered by the United States circuit courts for various other districts, acquired as purchaser upon a sale or sales in foreclosure the said railroad, rolling stock, telegraph lines, lands and land grants, franchises, and other properties covered by and included in the mortgage or deed of trust described in the said bonds Exhibit A, subject to the said debt secured by the said mortgage or deed of trust as a prior lien, and thereby assumed the payment of the said bonds secured by the said mortgage, and became the debtor of the plaintiff for the interest and the principal to become due according to the terms of said bonds."

It is evident that this new paragraph contains both allegations of fact and conclusions of law. The allegations of fact are that the defendant at the foreclosure sale purchased the property subject to the debt secured by the prior mortgage or deed of trust. That by so purchasing it the defendant assumed the payment of the prior mortgage debt, and thus became a debtor of the plaintiff, is a mere conclusion of law, and, strictly speaking, has no place in the complaint. The paragraph in question does not allege as a fact that the defendant assumed the payment of the prior mortgage, except as a legal consequence of having bought the mortgaged premises subject to the debt secured by the prior mortgage. This result does not, however, flow from the facts set forth. To render the purchaser of land incumbered by a mortgage personally liable for the payment of the mortgage debt, it must appear, in the first place, that the grantor himself was personally liable for the debt, and, in the second place, that the grantee expressly assumed or agreed to pay the debt. There is no allegation of such assumption or promise on the part of defendant. It is merely alleged that it bought the property "subject" to the debt secured by the mortgage, which implies only that it acquired the property burdened by a lien which might, in case of default, be enforced against the property. In re Simpson, 36 App. Div. 562, 55 N. Y. Supp. 697; Id., 158 N. Y. 720, 53 N. E. 1132,— does not help the plaintiff. The opinion in that case proceeds upon the assumption that the corporation did, as matter of fact, assume

the payment of the mortgage when it took the conveyance of the property. So much being assumed, the result arrived at by the court followed inevitably. If, in the present case, the complaint properly alleged as a fact the assumption of the debt by the defendant when it purchased the property at the foreclosure sale, a different question would be presented from that with which we have now to deal. The present complaint is no more sufficient than that in the former action, and for that reason alone, without discussing the sufficiency of the defenses, the demurrer must be overruled, with costs.

Demurrer overruled, with costs.