ARTEMAS H. HOLMES, Plaintiff, *v.* THE NORTHERN PACIFIC RAIL-
WAY Co., Defendant.

. (Supreme Court, New York Special Term, November, 1901.)

Mortgage — Demurrable allegation as to grantee's assumption of the
debt.

A demurrer searches the whole record and invites inquiry as to
the sufficiency of the complaint.

A complaint by a bondholder to recover of the defendant, a suc-
cessor corporation, interest on bonds of its predecessor, which, after
setting out the issue of the bonds and his ownership, alleges that
the defendant acquired as purchaser at certain foreclosure sales,
the railroad, etc., covered by the mortgage described in the bonds,
" subject " to the debt secured by the mortgage as a prior lien and
thereby assumed payment of the said bonds and became debtor to
the plaintiff for the interest and principal to become due thereon
according to the terms thereof and that the defendant thereafter duly
covenanted to pay the bonds and interest as it matured, is demur-
rable, among other reasons, because it does not allege as a fact that
the defendant expressly assumed payment of the mortgage, the rule
being that, in order to render a purchaser of land, encumbered by
a mortgage, personally liable for the debt, it must appear, first, that
the grantor was personally liable for it and, second, that the grantee
expressly assumed it or agreed to pay it.

DEMURRER to answer.

Holmes, Rapallo & Kennedy, for demurrant.

William Nelson Cromwell, for defendant.

SCOTT, J.    Although the pleadings in the present action differ
somewhat from those in the former action of the same title, in
which an opinion has recently been handed down by the Appel-
late Division in this department, that opinion is, in effect, de-
cisive of the issues raised by the demurrer to the present an-
swer.    The second and third separate defenses in the present
action do not contain a repetition of the denials and allegations
contained in the first defense, and the demurrer is not, therefore,

obnoxious to the very obvious objections which confronted the demurrer in the first action, that it applied only to a part of each defense. The demurrer, however, searches the whole record, and invites an inquiry as to the sufficiency of the complaint. A majority of the Appellate Division seems to have been of the opinion that the complaint in the earlier action between these parties was insufficient. The opinion of the court, concurred in by three of the justices, reads as follows: "Here the complaint is bad. It counts upon a covenant made by the defendant. There is nothing in it to show that the covenant was made upon consideration. It.is not declared in the complaint that it is under seal, and that will not be implied. The complaint does not show with whom the covenant was made, or that it was made for the plaintiff's benefit, nor does the plaintiff bring himself in privity with the covenantor." If the present complaint was identical with that under consideration by the Appellate Division, the opinion from which quotation has been made would be controlling in the present action. It is identical save for the insertion of a single new paragraph, and it becomes necessary to inquire whether the insertion of that paragraph has cured the defects found by the Appellate Division in the former complaint. The plaintiff sues as the holder of certain bonds issued by the Northern Pacific Railroad Company, a corporation which preceded the present defendant. This action and the earlier one are for installments of interest. In the former action the plaintiff, after setting out the issue of the bonds and his ownership of them, contented himself with alleging that "heretofore on November 10th, 1896, and thereafter the defendant duly covenanted, undertook and agreed well and truly to pay and discharge each of said bonds, and also punctually and regularly to pay or cause to be paid the interest thereon as it matured until said bonds were. paid or discharged." The present complaint contains this same paragraph, the imperfections of which, as stating a cause of action in behalf of plaintiff against the defendant, have been pointed out by the Appellate Division, but prefaces it by a paragraph reading as follows: "That the defendant in the year 1896 and prior to, on or about November 10th, 1896, and pursuant to certain decrees in foreclosure in the United States Circuit Court for the Eastern District of Wisconsin, and to certain other decrees duly made and entered by the

United States Circuits Courts for various other districts acquired
as purchaser upon a sale or sales in foreclosure the said railroad,
rolling stock, telegraph lines, lands and land grants, franchises
and other properties covered by and included in the mortgage or
deed of trust described in the said bonds Exhibit A subject to
the said debt secured by the said mortgage or deed of trust as
a prior lien, and thereby assumed the payment of the said bonds,
secured by the said mortgage, and became the debtor of the plain-
tiff for the interest and the principal to become due according to
the terms of said bonds." It is evident that this new paragraph
contains both allegations of fact, and conclusions of law. The
allegations of fact are that the defendant at the foreclosure sale
purchased the property subject to the debt secured by the prior
mortgage or deed of trust. That by so purchasing it the defend-
ant assumed the payment of the prior mortgage debt and thus
became a debtor of the plaintiff is a mere conclusion of law and
strictly speaking has no place in the complaint.

The paragraph in question does not allege as a fact that the de-
fendant assumed the payment of the prior mortgage, except as
a legal consequence of having bought the mortgaged premises
subject to the debt secured by the prior mortgage. This result
does not, however, flow from the facts set forth. To render the
purchaser of land encumbered by a mortgage personally liable
for the payment of the mortgage debt it must appear in the first
place that the grantor himself was personally liable for the debt,
and in the second place that the grantee expressly assumed or
agreed to pay the debt. There is no allegation of such assump-
tion or promise on the part of defendant. It is merely alleged
that it bought the property " subject " to the debt secured by the
mortgage, which implies only that it acquired the property bur-
dened by a lien which might, in case of default, be enforced
against the property. Matter of Simpson, 36 App. Div. 562,
158 N. Y. 720, does not help the plaintiff. The opinion in
that case proceeds upon the assumption that the corporation
did, as matter of fact, assume the payment of the mortgage when
it took the conveyance of the property. So much being assumed,
the result arrived at by the court followed inevitably. If, in the
present case, the complaint properly alleged as a fact the assump-
tion of the debt by the defendant when it purchased the property
at the foreclosure sale a different question would be presented

from that with which we have now to deal. The present complaint is no more sufficient than that in the former action, and for that reason alone, without discussing the sufficiency of the defenses, the demurrer must be overruled, with costs.

Demurrer overruled, with costs.