## STRAUSS ET AL. *v.* WOEFEL.

[No. 10,845. Filed May 17, 1921.]-

1. EQUITY.—*Quieting Title.—Equal Equities.—Divesting Legal Title.*—When a court of equity is called upon to take away a record title which the law would sustain, the legal owner having the law and equity also, a court of equity will refuse to interpose, the rule being that, the equities of the parties being equal, the legal title must prevail. p. 546.

2. EQUITY.—*Prior Equities Prevail.*—As between persons having only equitable interests, if their equities are in all respects equal, priority of time gives the better equity. p. 547.

3. EQUITY.—*Quieting Title.—Divesting Record Title.—Equities.*—Where a deed was made to a husband prior to marriage, but pursuant to agreement between the parties to the instrument, the deed was withheld from record until the wife's name was inserted after marriage so that the grantees became tenants by entireties, and the husband subsequently separated from the wife and conveyed the land to plaintiffs in settlement of a will contest, plaintiffs having knowledge of the record title of the wife and knowing all facts, *held,* that plaintiffs were not entitled to have the title quieted in themselves except as to the inchoate interest of the wife, their equities not being superior to those of the wife, and her equities being prior in point

of time, there being no evidence that plaintiffs gave up any valuable rights in settling the will contest. p. 547.

From St. Joseph Superior Court; *Chester R. Montgomery*, Judge.

Action by Frances Strauss and others against Pelagia Woefel. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*Hubbard & Pettengill*, for appellants.

*Eli F. Seebiert, Daniel D. Schurtz* and *W. A. Grzesk*, for appellee.

McMAHAN, J.—Action by appellants against appellee. The first paragraph of the complaint is an ordinary complaint to quiet title. The second paragraph among other facts, alleges that one Casimir Muchlicki, husband of appellee, conveyed the real estate in question to appellants by warranty deed, appellee not joining therein; that the title of said real estate as it appears of record is in appellee and her husband as tenants by the entireties, and that appellee is claiming title to the real estate as a tenant by the entirety, but in fact she has no interest therein, other than her inchoate interest as wife of Casimir, and asking the court to enter a decree defining the title and estate of appellants and appellee in said property.

Appellee filed a cross-complaint alleging that she and her then husband were the owners of the real estate as tenants by the entireties, that she and her husband had separated, and that her husband thereafter executed a deed, whereby, he attempted to convey said real estate to appellants for the purpose of defrauding her and asking that the said conveyance to appellants be declared void.

The facts were found specially and are in substance as follows: Prior to October 2, 1915, Andrew and Josefa Kazmierzak owned the property in question; that

prior to said day Casimir Muchlicki and appellee became engaged to be married, at which time Casimir informed her that he intended to buy said property and would have it conveyed to them jointly, so that if he died first, she would be the sole owner of it and that they would build a house on it which they would use as their residence. On October 2, 1915, Casimir and the Kazmierzaks went to the office of a notary public for the purpose of having the Kazmierzaks make a deed conveying said property to Casimir and appellee as tenants by the entireties; that it was the intention of the parties to have the deed made to Casimir and appellee as tenants by the entireties. They had not yet been married, and the notary public told them that since they were not married, the deed could not be made that way, but that Casimir should be named as grantee and the deed withheld from record until after the marriage, when appellee's name should be inserted therein after Casimir's name as a grantee. Casimir directed that this be done and requested the notary to remind him after the marriage to have appellee's name inserted in the deed. This was agreed to by all the parties including the Kazmierzaks. The deed was then so written, and was signed and acknowledged by the Kazmierzaks, after which it was handed to Casimir who kept it, and after his marriage to appellee he took it to the notary public and had him insert appellee's name in the deed along with his own as grantee. The notary, being at that time county recorder, changed the date of the certificate and acknowledgment and signed it as county recorder, after which the deed was recorded. Later domestic trouble arose between appellee and her husband which led to their separation and the filing of a complaint by appellee for divorce. Appellants are stepchildren of Casimir by a former marriage, and when

the deed was made to them, they had an action pending to contest their mother's will, which gave all her property to Casimir. The deed to appellants was made by Casimir with the intention of depriving appellee of any interest in said property other than her inchoate interest, and appellants had actual knowledge that the record showed that said lot had been conveyed to appellee and her husband as tenants by the entireties and knew that they were husband and wife. The conclusions of law as stated by the court were to the effect that appellants were not entitled to have their title quieted; that there had been no valid delivery of the deed from the Kazmierzaks prior to the alteration, whereby appellee's name was inserted as a grantee; and that appellee and her husband, Casimir, held the real estate by the entireties.

Appellants contend that the deed from the Kazmierzaks conveyed the fee of the property to appellee's husband; that the insertion of appellee's name in the deed did not give her any interest in the property; that the only interest she had was her inchoate interest as the wife of Casimir; and that they were the owners of the property subject only to the inchoate interest of appellee.

Appellee at least has the legal advantage in that the records show a title to the lot in herself and her husband by the entireties, and when appellants come

1. into court to quiet their title and to mark out and define their title, her equity, being at least equal to theirs, will protect her. When a court of equity is called upon to take away a record title which the law would sustain, the legal owner having the law and equity also, a court of equity will refuse to interfere. *Jones* v. *Zollicoffer* (1817), 4 N. C. 212, 7 Am. Dec. 708. "In such cases the maxim applies in all its force, that better is the condition of defendant. The

equities of the parties being equal, the legal title must prevail." *Simmons* v. *Ogle* (1882), 105 U. S. 271, 26 L. Ed. 1087; *Warren* v. *Wilder* (1889), 114 N. Y. 209, 21 N. E. 159; *Crump* v. *Black* (1849), 41 N. C. 321, 51 Am. Dec. 422. This maxim was applied in *Judson* v. *Corcoran* (1854), 58 U. S. 612, 15 L. Ed. 231, where there were two innocent holders by assignment of a chose in action, whose equities were equal. One of them, however, had drawn to himself a legal title to the fund, which the other assignees sought to have set aside. This the court refused saying: "Nothing is better settled than that this cannot be done. The equities being equal, the law must prevail." Ap-

2. pellee's equities and rights are also first in point of time and "he who is first in time is best in right." As said by the court in *Rice* v. *Rice* (1853), 2 Drew. 73, "As between persons having equal only equitable interests, if their equities are in all other respects equal, priority of time gives the better equity."

While the court finds that appellants dismissed the action to contest the will of their mother in consideration of the making of the deed to them, it also

3. found that the intention of appellee's husband in making the deed was to prevent her from getting any part of the property other than her inchoate interest. Appellants when they accepted said deed, knew all the facts relative to the title. They are not *bona fide* purchasers. Being purchasers with notice, they have no claim to the protection of a court of equity. *Patrick* v. *Marshall* (1810), 2 Bibbs (Ky.) 40, 4 Am. Dec. 670. There is no finding that there was any probability of appellants being able to set aside the will of their mother, or that they gave up any valuable right when they dismissed their action. Appellants, after having accepted the deed from appellee's husband with full knowledge of the facts, have come into a court of equity

to have the court define and limit her title to an inchoate right in the same as the wife of Casimir. They appeal to the conscience of the court to strike down the record of an instrument—a deed that forms part of the chain of title. They have the burden of showing that their equities are superior to the equities of appellee. This they have failed to do. Not only have they failed to show that their equities are superior to the equities of the appellee, but it appears that the equities of appellee are prior in point of time, and therefore are best in right.

In view of the conclusion we have reached, it is not necessary for us to enter into a discussion of the effect of the alteration of the deed.

Judgment affirmed.