Rose Gross, as Executrix, etc., of Leo Gross, Deceased, Plaintiff, *v.* Lawyers Title and Trust Company, Defendant.

Supreme Court, Special Term, Kings County, April 10, 1941.

*Jack Gross*, for the plaintiff.

*Stephen Callaghan* [*Philip S. Dean* and *Irving Rubin* on the brief], for the defendant.

Steinbrink, J. This is a motion by the plaintiff for summary judgment in an action on a written contract of guaranty.

The following facts are undisputed:

On December 18, 1915, one Abraham Silverman executed and delivered to the defendant his bond in the sum of $5,250 secured by a mortgage on real property. On December 19, 1915, the defendant, for value, assigned the said bond and mortgage to the plaintiff's testator, and together therewith delivered its policy which guaran-

teed payment of interest within five days after it shall become due, and payment of the principal as and when collected, but in any event within eighteen months after it shall become due and demand for its payment shall have been made. The bond and mortgage became due on December 1, 1918, on which date plaintiff's testator extended the time for payment of the principal debt for three years and received from the defendant a renewal of its guaranty policy for a period of three years. Like extensions and renewals for three-year periods were executed and delivered on December 1, 1921, and December 1, 1924.

In February, 1925, pursuant to the provisions of a private statute (Laws of 1924, chap. 322) and a division certificate filed pursuant thereto, the defendant divided into and transferred all of its assets to the Lawyers Title and Guaranty Company, organized to engage in the title and mortgage business, and the Lawyers Trust Company, organized to engage in the banking and trust business. The statute directed that the division certificate contain a statement of the manner in which the assets of the defendant had been divided and how its liabilities have been allotted and assumed by each of the new companies. It was also provided that, following the division, each of the resulting corporations shall own the assets allocated to it and be charged with liability for the obligations assumed by it. In accordance with the terms of the division certificate the Lawyers Title and Guaranty Company assumed, among other liabilities and obligations: " Those subsisting upon or under or arising out of or connected with or on account of policies, certificates, or other contracts guaranteeing either the titles to real property or chattels real, or the payment of principal and/or interest of bonds and mortgages." While the division certificate provided for a termination of the defendant's corporate existence, its life was continued " for the sole purpose and with the the sole power of suing or proceeding, or being sued or proceeded against or defending causes of action alleged to exist against it at the time of the filing of the certificate aforesaid, but nothing in this act contained, shall be construed to work a dissolution of such corporation, and the rights of creditors of such corporation shall not be impaired by reason hereof nor shall any liability or obligation for the payment of money due or to become due, or any claim, guaranty or demand, in any manner, or for any cause existing against such corporation or any stockholder thereof be in any manner released or impaired, and all the rights, obligations and relations of all the parties shall remain unimpaired, and the assets of both shall be liable in any action or proceeding against the Lawyers Title & Trust Company or either of the resulting corporations for the

discharge and payment of all debts and liabilities existing at the time of the filing of such certificate."

In December, 1927, when the mortgage again became due, another agreement extending the time for payment of the principal was executed by the plaintiff's testator who, in connection therewith, received from the Lawyers Title and Guaranty Company, the resulting corporation which had assumed the liabilities of the defendant, a certificate renewing the policy of guaranty. The same procedure was followed in December, 1930. Prior to the last expiration date, the Lawyers Title and Guaranty Company was placed in rehabilitation. Thereafter, the plaintiff's testator canceled the agency of the Lawyers Title and Guaranty Company without impairing his rights under the guaranty policy as renewed. There were no further extensions. On December 1, 1933, the maturity date, the principal was not paid by the mortgagor nor by the Lawyers Title and Guaranty Company in rehabilitation. At the time of the commencement of the action there was due the principal amount of the mortgage and interest in the sum of $350, for all of which recovery is sought against the defendant on its policy of guaranty.

The answer contains denials and a number of affirmative defenses. For the purpose of this motion the only defense which need be considered is the first, which alleges in substance that the plaintiff's testator by dealing with the Lawyers Title and Guaranty Company as the sole obligor of the policy under the 1927 and 1930 certificates of renewal, relieved the defendant from all liability under the said policy.

The obligation of the defendant under its contract of guaranty could not be extended without its consent to cover the performance of a different contract. (*Becker* v. *Faber*, 280 N. Y. 146, 148.) Under the policy as renewed on December 1, 1924, the defendant guaranteed payment of the principal and interest of the mortgage held by the plaintiff's testator. The mortgage as extended with defendant's consent matured on December 1, 1927. In the meantime, and in the early part of 1925, the defendant by virtue of the statute and division certificate referred to above, ceased to exist as a separate entity, except for the purpose of preserving the rights of creditors on then existing liabilities which included the liability under the guaranty policy held by the plaintiff's testator. With the maturity of the guaranteed mortgage on December 1, 1927, the plaintiff's testator could have demanded payment He chose, however, to extend the mortgage for another three years and to accept a renewal of the guaranty policy, not from the defendant but from the Lawyers Title and Guaranty Company, the resulting corporation.

Thereafter, so far as the plaintiff was concerned, the defendant's corporate existence was at an end. It could no longer contract new obligations or consent to a continuance of the old one. Extension of the mortgage for an additional three years involved performance of an obligation different from that guaranteed by the defendant. Since the capacity to consent to the creation of this new obligation was lacking, the defendant was necessarily relieved from liability on its guaranty.

The same result would follow even though the relationship between the defendant guarantor and the obligor on the mortgage bond were not to be regarded as in the nature of surety and principal. Pursuant to the statute and the division certificate filed thereunder, the Lawyers Title and Guaranty Company assumed the defendant's liability on its guaranty policy. As between the two the defendant became the surety and the Lawyers Title and Guaranty Company the principal. (*Warren* v. *Wilder*, 114 N. Y. 209, 214.) The plaintiff's testator recognized this relationship when, on December 1, 1927, he accepted from the Lawyers Title and Guaranty Company the certificate of renewal. Since a further certificate of renewal issued by the Lawyers Title and Guaranty Company as principal was accepted by the plaintiff's testator on December 1, 1930, at a time when the defendant as surety was incapable of giving its consent, the defendant was thereby relieved from all liability.

A consideration of the other questions raised is unnecessary for the conclusion reached is sufficient to defeat the motion for summary judgment.

The motion is accordingly denied.