CARROLL, Judge.
The appellant seeks reversal of a judgment entered in the enforcement of a guaranty agreement. The appellee Span East Airlines, Inc. leased a DC-6A aircraft to Aeronaves del Equador S.A., referred to as Aerodesa. The lease was in writing. The term was twenty-four months. The *467 rental provided for was $5,500 per month, plus “all amounts due with respect to the engine and airframe reserves for the preceding month,” specified in the lease to be $10 per hour flown for airframe, and the same amount per engine for each hour flown. The lease was executed on July 1, 1971. It was provided therein that the term of the lease commenced on June 19, 1971.
On the date the lease was executed, the appellant Kalman Bass and one Nelson C. Puente executed a guaranty instrument as follows:
“Kal Bass and Nelson Puente, as individuals, jointly and severally, guarantee to Span East Airlines, Inc., its successor in interest, if any, and Universal Airlines, Inc., that in the event of any'default in any terms of the lease agreement between Span East Airlines, Inc. and Aeronaves del Ecuador, S.A. ‘Aerodesa’ dated June 19, 1971 that they as individuals shall be personally liable for any lease payments, including engine and airframe reserves which are in arrears at the time of said default and they further guarantee the safe return of said aircraft to Span East Airlines or its successor in interest to Willow Run Airport, Ypsilanti, Michigan.”
Shortly thereafter, and while the lease was in effect, the parties to the lease entered into a written option agreement, for a stated consideration. It was signed also' by Bass and Puente individually. Thereby the lessee was granted an option to purchase the .leased aircraft, for a price of $175,500, with provision that upon purchase the payments made under the lease would be credited on the purchase price, payable in monthly installments of $6,500, with the seller to retain title until the purchase price was paid in full. There was a provision in the option agreement for the guaranty to be carried over and remain in effect in event the option to purchase the aircraft was exercised, viz:
“3. In the event Aerodesa exercises such option the provisions of the aforementioned lease agreement and the individual guarantees given by Nelson Puente and Kal Bass shall remain in full force and effect as though fully set forth herein, except that any provisions regarding engine and airframe reserve payments shall be deleted.”
In August of 1971 the lessee exercised the option to purchase. The monthly purchase payments were made until January of 1972, when the purchaser defaulted. The seller, Span East Airlines, Inc., filed an action in the circuit court of Dade County against the guarantors Bass and Puente, on the guaranty. The complaint alleged the transactions above outlined, default by the purchaser, and that as of the date of the filing of the action a balance of $18,500 had become due and was unpaid. It appears the defendant Puente was not served. The action proceeded to judgment against the defendant Bass.
The appellant presents three arguments for reversal of the judgment. First it is contended the guaranty instrument was not applicable to the lease, because it made reference to a lease dated June 19, 1971, whereas the lease involved was dated and executed July 1, 1971.
We hold that argument is without merit. The guaranty referred to the lease of the aircraft and the parties thereto, and the reference in the guaranty to the lease as being one dated June 19, 1971, does not appear to be inaccurate since it was agreed in the lease that the term thereof commenced on that date. It was not shown that there was in existence at that time any other lease by the parties of another aircraft. Moreover, by signing the option agreement for purchase of the leased aircraft by the lessee, under that lease, the guarantors thereby acknowledged the applicability of the guaranty to the lease in question.
*468 Secondly, the appellant argues there was an absence of competent substantial evidence of consideration for the guaranty. The record shows the contrary.
Third, the appellant argues the court erred in failing to find that the written option agreement amounted to a material alteration of the guaranty, eliminating liability of the guarantors thereunder. As pointed out by the appellee, the short answer to that contention is that by joining in the option agreement, which made provision for extension and application of the guaranty to a purchase of the aircraft if made thereunder, the guarantors participated therein and consented thereto.
No reversible error having been demonstrated, the judgment is affirmed.