THE NORTHWESTERN BANK v. ELWOOD Y. GLADWELL AND WIFE, MRS. ELWOOD Y. GLADWELL A/K/A VERONA GLADWELL

No. 8418SC462

(Filed 5 February 1985)

**Guaranty § 2— guaranty for debts to plaintiff's predecessor—note as renewal of prior debt to predecessor—genuine issue of fact**

The trial court erred in granting summary judgment for plaintiff in its action to recover on a promissory note executed by defendant husband and allegedly guaranteed by defendant wife where the parties agreed that defendant wife was obligated by the terms of her guaranty agreement with Gateway Bank for debts incurred by her husband in relation to Gateway, that the merger of Gateway into plaintiff operated to transfer that obligation to plaintiff for debts existing at the time of the merger, and that defendant wife would not be liable under the terms of the guaranty agreement for debts incurred by defendant husband in relation to plaintiff following the merger; however, genuine issues of fact existed as to whether defendant husband was indebted to Gateway at the time of the merger and whether the note executed by defendant husband subsequent to the merger was a "renewal" of a prior debt to Gateway or, instead, evidence of a new and independent loan made by plaintiff to defendant husband.

APPEAL by defendant, Verona Gladwell, from *Walker (Hal H.), Judge.* Judgment entered 17 January 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 8 January 1985.

This is a civil action arising out of a promissory note executed by defendant Elwood Gladwell in favor of plaintiff bank and a guaranty agreement executed by defendant Verona Gladwell in favor of Gateway Bank. The record discloses the following undisputed facts:

On 4 January 1977 defendant Elwood Gladwell, a dealer in aircraft, entered into a "Wholesale Security Agreement" with Gateway Bank, whereby Gateway agreed to lend the defendant money "from time to time to finance inventory of goods held for resale." Also on 4 January 1977, defendant Verona Gladwell entered into a written "Guaranty Agreement," in favor of Gateway which contained the following pertinent provisions:

> the undersigned . . . hereby unconditionally guarantees to the Bank and its successors, endorsees and assigns the punctual payment when due, with such interest as may accrue thereon . . . of all debts and obligations of the Borrower . . . now existing or hereafter arising, whether created directly or acquired by endorsement, assignment or otherwise. . . . The undersigned consents . . . that the time or place of payment of any debt of the Borrower or of any securities therefor may be changed or extended, in whole or in part, to a time certain or otherwise, and may be renewed or accelerated, in whole or in part. . . .

On 31 December 1981 Gateway Bank merged into plaintiff, Northwestern Bank. On 8 March 1982 defendant Elwood Gladwell executed and delivered to plaintiff a secured promissory note in the amount of $42,967.00. Defendants received a letter dated 26 July 1982 from Robert Cone, attorney for plaintiff which letter stated that the Bank had demanded payment of the outstanding balance of $27,385.56 due on "a promissory note signed by you on March 8, 1982, in the original amount of $42,967.00."

On 8 September 1982 plaintiff filed a verified complaint seeking to recover $27,385.56 plus interest, the alleged balance due on the 8 March 1982 note, and an attorney's fee in the amount of $4,107.83. In its complaint, plaintiff alleged execution and delivery of the note, and further alleged that defendants had defaulted on payments thereon. The complaint also contained the following pertinent allegations:

> 4. That the said Note mentioned above consolidated prior debts to Gateway Bank, a North Carolina banking institution now merged into the plaintiff.

> 5. That defendant Mrs. Elwood Y. Gladwell a/k/a Verona Gladwell unconditionally guaranteed the above debt by vir-

tue of a guaranty agreement she executed on January 4, 1977.

Both defendants filed answers on 17 December 1982, accompanied by motions to dismiss the action under G.S. 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief may be granted. In her answer defendant Verona Gladwell denied all material allegations of plaintiff's complaint, with the exception of defendant Elwood Gladwell's execution and delivery of a promissory note to plaintiff, which was admitted. On 22 December 1983 plaintiff filed a motion for summary judgment supported by various documents and an affidavit of David W. Austin, Vice-President of Northwestern. In his affidavit Mr. Austin states that the 8 March 1982 promissory note was executed and delivered to plaintiff by Elwood Gladwell "as a renewal of prior indebtedness to Gateway Bank." Mr. Austin elaborated on this assertion in the following paragraphs of his affidavit:

> 4. As aforesaid, the note, a copy of which is attached as Exhibit "A," was a renewal of a prior loan from Gateway Bank, which loan was in the form of a "floorplan" with two advancements. In connection with the floorplan loan, Gateway Bank issued a "wholesale commitment letter" dated January 4, 1977, to Mr. Gladwell, a copy of which is attached hereto as Exhibit "C" and incorporated herein by reference. On the same day, Mr. Gladwell and Gateway Bank entered into a "wholesale security agreement," a copy of which is attached hereto as Exhibit "D" and incorporated herein by reference. On March 28, 1978, and again on September 8, 1978, Gateway made two advancements under the floorplan arrangement in the principal amounts of $36,717.00 and $6,250.00, respectively. Plaintiff The Northwestern Bank, at the time of the merger between Gateway and plaintiff, acquired the indebtedness (none of which had been repaid) of Mr. Gladwell, which indebtedness had been guaranteed by Verone [sic] C. Gladwell. The March 28 advancement by Gateway in the amount of $36,717.00 had been secured by the aforementioned Grumman aircraft, which remain unsold and in the hands of Mr. Gladwell at the time he executed the renewal note in favor of plaintiff. At the time of the said renewal note in favor of plaintiff and the new security agreement, no part of the indebtedness had been repaid.

5. A copy of the guaranty agreement executed by Mrs. Gladwell dated January 4, 1977, is attached hereto as Exhibit "E" and incorporated herein by reference.

6. As set forth in Mrs. Gladwell's guaranty, she unconditionally guaranteed to Gateway Bank, "*and its successors, endorsees and assigns* punctual payment when due, with such interest as may accrue thereon either before or after any final maturity(ies) thereof," all of the debts and obligations, of Elwood Y. Gladwell, whether then existing or thereafter arising, "whether created directly or *acquired by endorsement, assignment or otherwise* . . ." (Emphasis added.) In said guaranty Mrs. Gladwell also consented to any renewal, extension or acceleration of the debt of Mr. Gladwell. The guaranty of Mrs. Gladwell therefore inures to the benefit of the plaintiff in this action.

On 13 January 1984 defendant Verona Gladwell filed an affidavit in opposition to plaintiff's motion for summary judgment, which affidavit contained the following pertinent allegations:

2. I know of my own knowledge that my husband has paid all debts of every nature and kind which he had with the Gateway Bank. Thus, my obligation under the "Guaranty Agreement" I signed ended when my husband paid the last sums he owed Gateway Bank.

3. I am being sued in this pending lawsuit for a loan made by the Northwestern Bank to my husband in 1982. Northwestern Bank is attempting to hold me responsible for the loan under the "Guaranty Agreement" I signed guaranteeing payment of loans made by my husband from Gateway Bank.

4. I have never at any time agreed to or signed a "Guaranty Agreement" or other in which I have agreed to pay the indebtedness incurred by my husband with the Northwestern Bank. I owe Northwestern Bank nothing, and I owe Gateway Bank nothing by virtue of the fact that my husband owes Gateway Bank nothing.

On 17 January 1984 Judge Walker entered an order denying defendants' motions for dismissal under Rule 12(b)(6) and granting plaintiff's motion for summary judgment against both defendants.

The court awarded plaintiff the sum of $33,069.90 plus interest and an attorney's fee in the amount of $4,107.83 against both defendants, jointly and severally. Defendant Verona Gladwell appealed.

*Boone, Higgins, Chastain & Cone, by Robert C. Cone, for plaintiff, appellee.*

*Max D. Ballinger for defendant Verona Gladwell, appellant.*

HEDRICK, Chief Judge.

Defendant assigns error to the order granting plaintiff's motion for summary judgment. Summary judgment is proper under G.S. 1A-1, Rule 56(c) only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." An issue is material if "the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz v. City of Winston-Salem,* 280 N.C. 513, 518, 186 S.E. 2d 897, 901, *reh. denied,* 281 N.C. 516 (1972).

That summary judgment is inappropriate in the instant case is apparent upon examination of the record. The arguments advanced by plaintiff and defendant in their briefs contain no disagreement about the law governing defendant's obligations under the guaranty agreement. The parties agree that defendant is obligated by the terms of that agreement for debts incurred by her husband in relation to Gateway Bank and that the merger of Gateway into Northwestern operated to transfer that obligation to plaintiff for debts existing at the time of merger. The parties also agree that defendant would not be liable under the terms of the guaranty agreement for debts incurred by her husband in relation to Northwestern Bank following the merger. The parties obviously do not agree, however, on the factual issues of whether Elwood Gladwell was indebted to Gateway Bank at the time of the merger, and whether the note executed by Mr. Gladwell on 8 March 1982 was a "renewal" of a prior debt to Gateway or, instead, evidence of a new and independent loan made by plaintiff to Mr. Gladwell. These disputed issues of fact are determinative

of defendant's liability under the guaranty agreement and are thus without question material to a resolution of the action. We thus hold that summary judgment was improperly entered.

Reversed.

Judges WHICHARD and PARKER concur.