Joseph A. Suozzi, J.
This is an action against a guarantor for payment of an unpaid balance claimed to be due plaintiff for goods sold and delivered to Thelma Marshall and Jesse Marshall. The complaint alleges that a written guarantee of payment was delivered to plaintiff by defendant; that plaintiff delivered certain goods to the Marshalls; that the amount of $587.24 remains unpaid; that demand for payment was made upon defendant. The answer is a general denial.
Upon the trial defendant admitted signing the guarantee, but claimed it was the understanding of the parties that same was *3 limited to goods for the personal use of the Marshalls and was not to apply to goods to be used in the Marshalls’ business. Plaintiff denied any such understanding. The guarantee, on its face, is not so limited. It reads as follows:
“ May 17, 1958
“ Orange Front Paint Supply, Inc.
“ Kindly open a charge account in the name of Thelma & Jesse Marshall. I will be responsible for any charges they incur with you.
“Respectfully,
“ Alfred Levy ”
The court finds that the guarantee is continuing and unconditional. The evidence adduced upon the trial did not convince this court that the guarantor’s intentions were any different from those expressed in the written instrument. It should be noted that the instrument is unlimited as to time and as to the use to which the Marshalls might put the materials furnished by plaintiff. The intention of the guarantor, as expressed in the credible evidence upon the trial, was to make it possible for the Marshalls to obtain merchandise on credit, and he did so by signing the guarantee.
Defendant contends further that he was released as guarantor when plaintiff extended terms of payment to the Marshalls upon a default judgment previously obtained against them. The court finds that this was not a material alteration of the contract of guarantee, nor did it adversely affect the guarantor. Under such circumstances, the guarantor is not discharged. (Becker v. Faber, 280 N. Y. 146.) Furthermore, the extension of time was oral and unsupported by consideration, thereby making it ineffective to discharge the guarantor. (Personal Property Law, § 33, subd. 2; Real Property Law, § 279.)
However, plaintiff admitted that upon one occasion, he accepted a check from the Marshalls in the sum of $100 for which he delivered some merchandise and remitted the balance in cash. This check was subsequently returned to the plaintiff unpaid because of insufficient funds. We find that the guarantor is not liable for this transaction because it did not constitute an extension of credit for merchandise purchased within the meaning and intent of the guarantee; but since the guarantee was a continuing one, the guarantor remains liable for all other transactions.
Therefore, judgment is awarded to plaintiff against defendant in the sum of $487.24, with interest from October 22,1958.