■ LINCOLN SAVINGS BANK et al., Appellants, v MURPHY'S DELUXE LIMOUSINE SERVICE, INC., et al., Defendants, and TREVOR DUVAL, Respondent.—In an action to recover on a note, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated March 8, 1988, as denied their motion for summary judgment against the defendant Trevor Duval.

Ordered that the order is modified, on the law, by adding a provision thereto that, upon searching the record, summary judgment is granted to the defendant Trevor Duval, dismissing the complaint as against him; as so modified the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Trevor Duval was one of several guarantors of a loan from Lincoln Savings Bank (hereinafter Lincoln) to Murphy's Deluxe Limousine Service, Inc. (hereinafter Limousine). Limousine pledged three cars as collateral for the loan. Subsequent to the loan, Limousine entered into a separate agreement with Avanti Linens, Inc. (hereinafter Avanti), in

which the same three cars were pledged as collateral. Mr. Duval was not a guarantor under this latter agreement.

Limousine subsequently defaulted upon its obligations to both Lincoln and Avanti, and Avanti commenced an action against it. Thereafter in Federal court, Lincoln, Avanti and Limousine executed a stipulation of settlement, to which Duval was not a party. Therein, Limousine reaffirmed its debt to Lincoln and agreed to pay Avanti a specified sum. The stipulation further provided that in the event Limousine failed "to make any payment due * * * to either Avanti or Lincoln (the 'creditors') and fail[ed] to timely cure [its] default * * * the creditor to whom [Limousine] owe[d] the obligation that was breached [might] declare [Limousine] in default (such default shall be as to both creditors)."

The stipulation of settlement substantially altered Mr. Duval's guarantee obligation without his consent. The agreement made Avanti a party and provided that Limousine could be held in default by Lincoln if Limousine defaulted against Avanti. Consequently, we find that the stipulation, by its terms, released Mr. Duval from his obligations as a guarantor to Lincoln. It has long been held that "[t]he obligation of a surety or guarantor of due performance of a contract cannot be extended, without the surety's consent, to cover performance of a different contract. Alteration of the contractual obligation of the principal releases the surety" *(Becker v Faber,* 280 NY 146, 148; *see,* 63 NY Jur 2d, Guaranty and Suretyship, § 251). Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.