WILLIAM U. BECKER, as Executor of MARTHA W. BECKER, Deceased, Appellant, v: JOHN W. N. FABER et al., Defendants, and CLARA K. INTEMANN et al., as Executors of JOHN A. KOLLE, Deceased, Respondents.

Argued January 11, 1939; decided February 28, 1939.

*Joseph H. Sand* for appellant. Plaintiff's offer to grant a temporary reduction of the accruing interest rate, long after the mortgage was due and payable, conditioned upon payment of arrears in taxes, did not discharge the guarantor. (*Coe* v. *Cassidy*, 72 N. Y. 133; *Union Trust Co.* v. *Kaplan*, 249 App. Div. 280.) The guarantor was not discharged by reason of plaintiff's conditional agreement to accept interest at a lesser rate. (*Olmstead* v. *Latimer*, 158 N. Y. 313; *National Citizens Bank* v. *Toplitz*, 178 N. Y. 464; *American Bonding Co.* v. *Kelly*, 172 App. Div. 437; *Westchester Mortgage Co.* v. *McIntire, Inc.*, 174 App. Div. 525; *Ullmann Realty Co.* v. *Hollander*, 66 Misc. Rep. 348.)

*William D. Sullivan* for respondents. The guarantor or surety is bound by the strict letter or precise terms of the contract of the principal and is discharged when the agreement upon which the guaranty is based is modified without consent. (*Duecker* v. *Rapp*, 67 N. Y. 464; *Page* v. *Krekey*, 137 N. Y. 307; *Antisdel* v. *Williamson*, 165 N. Y. 372; *Katz* v. *Leblang*, 243 App. Div. 421; *Franklin Title & Mortgage Guar. Co.* v. *Shernov*, 250 App. Div. 267.)

LEHMAN, J. The plaintiff has brought this action to foreclose a mortgage upon real property in Nassau county. Payment of the principal and interest of the bond, secured by the mortgage, was guaranteed in October, 1923, by John A. Kolle. Asking a deficiency judgment against the executors of the last will and testament of John A.

Kolle, deceased, the plaintiff made them parties to the foreclosure action. The complaint against them has been dismissed on the ground that the mortgagor and mortgagee modified the terms of the mortgage agreement without the knowledge or consent of the guarantor, and by force of such modification the guarantor was released.

The bond and mortgage were executed on or about June 1, 1923. The mortgagor bound himself to pay the sum of $10,000 on or before June 1, 1926, with interest thereon to be computed from the 1st day of June, 1923, at the rate of six per cent per annum and to be paid on the first day of December next ensuing the date thereof, and semi-annually thereafter. The bond was not paid at maturity. No agreement to extend the time of payment was made. Interest was paid, as stipulated in the bond, every six months until December, 1932. In January, 1933, the mortgagee agreed that the mortgagor would be permitted to meet the installment of interest which had become due on December 1, 1932, by monthly payments of $50 each and that similar monthly payments might be made upon subsequent installments after they became due semi-annually. In 1935 the mortgagee informed the mortgagor that when past due interest was paid up to June 1, 1934, she " is willing to charge you and accept 4%, but only on condition that you clean up the back taxes, and that interest rate to be effective for only one year, namely June, 1935." Though the mortgagor did not comply with the stipulated condition, the mortgagee accepted, for more than two years, monthly checks for interest at the rate of four per cent. It is said that through the leniency thus shown to the mortgagor, the mortgagee has released the surety.

A contractual obligation may not be altered without the consent of the person who has assumed the obligation The obligation of a surety or guarantor of due performance of a contract cannot be extended, without the surety's consent, to cover performance of a different contract. Alteration of the contractual obligation of the principal releases the surety, for the principal is no longer bound to perform the

obligation guaranteed by the surety and the surety cannot be held responsible for the failure of the principal to perform any other obligation. The rule is based upon fundamental principles of contract which have not been seriously challenged in any jurisdiction, though there is difference of opinion in regard to the proper application of the rule. In this State the rule has been applied stringently. This court has said that the " defendant's [surety's] obligation is *strictissimi juris*, and he is discharged by any alteration of the contract, to which his guaranty applied, whether material or not, and the courts will not inquire whether it is or is not to his injury." (*Page* v. *Krekey*, 137 N. Y. 307, 314; *Paine* v. *Jones*, 76 N. Y. 274, 278; *Antisdel* v. *Williamson*, 165 N. Y. 372.) The rule when strictly applied at times produces results which do not accord with our sense of what is fair or desirable and which are, perhaps, not consistent with the realities of business experience. When so applied, the rule has been subjected to searching and severe criticism. We have been urged to confine its application to cases where alterations in the obligation of the surety may increase the burden of the surety. Where the court can say with reasonable certainty that a surety gains benefit through an alteration, we are told it is unsound to hold that the surety is discharged. Before we consider whether we should abandon old precedents, reconsider an old-established rule or even redefine the field of its proper application, we should first determine whether a result which is challenged as unfair and unreasonable may not be due to an undiscriminating extension of established principles or old precedents rather than to infirmity in the principles or precedents.

By " alteration " in the obligation of the principal, the principal is discharged from performance of the obligation in its original form and, in effect, a new obligation is substituted for the old. In those cases where we have held that alteration of any kind in the obligation of the principal discharges the surety, there has been a change in the nature of the obligation which might be required of the principal; performance of the old obligation might be more onerous

but relief from the burden of the old was accompanied by the creation of rights and duties different from those which arose out of the original agreement. We have in such cases refused to balance the advantage of relief from the old burden against possible disadvantage imposed by the new. We have held that the surety is discharged by any modification of the contract of the principal which requires of him performance in any respect different from the performance guaranteed by the surety. We have not held that an act of leniency towards the principal by the assured through remission of a part of an obligation or waiver of full performance constitutes an *alteration* of the obligation of the principal which will discharge the surety completely. Reduction in the rate of interest is a remission of part of the obligation. Remission or waiver of part of the performance which might be exacted by the assured from the principal does not release the principal from performance of the part of the original obligation which remains unchanged and in full force; and if the principal fails in such performance the surety may be held for the default in accordance with the surety's agreement. Neither principal nor surety is held in such case for a new or altered obligation; both are held to performance of an obligation assumed in the original agreement.

Nothing said or decided by this court conflicts with the general rule that " A surety is none the less discharged by a change in the terms of the principal's contract, for the performance of which the surety has bound himself, when the change might not be thought disadvantageous to him. But an agreement merely to remit part of the performance due from the principal without changing its character, as by lessening the amount of rent to be paid under a guaranteed lease, or by providing for a lower rate of interest on a debt than the contract provides for, or by waiving a portion of the performance of a contract, will not discharge the surety." (4 Williston on The Law of Contracts [Rev. ed.], § 1240.) It follows that remission of a part of the interest even if such remission had been made by valid contract would not

discharge the surety. (*Cambridge Sav. Bank* v. *Hyde*, 131 Mass. 77.)

The effect of the agreement to accept, in monthly installments, interest which under the terms of the bond was payable every six months, presents a similar question though in different form. It is said that such agreement followed by acceptance of monthly check extended the time for the payment of the principal sum. The doctrine that extension of time for payment of the principal debt even for a few days discharges the surety, has been established by a long line of decisions. (*National Park Bank* v. *Koehler*, 204 N. Y. 174; 4 Williston on The Law of Contracts, § 1222.) Leniency shown to a debtor in default, delay permitted by the creditor without change in the time when payment of the debt might be *demanded*, does not, however, constitute an extension of the time for payment. That requires a binding contract which precludes the creditor from enforcing payment according to the terms of the original contract and confers upon the debtor the *right* to withhold payment after the original debt has become due. In this case it is said that such a binding agreement arises from the receipt of checks for $50 intended as monthly payments of interest on the principal debt.

This court in *New York Life Ins. Co.* v. *Casey* (178 N. Y. 381) cited with approval the applicable rule as stated in Brandt on Suretyship (p. 352): " The general rule is that the reception of interest *in advance* upon a note is *prima facie* evidence of a binding contract to forbear and delay the time of payment, and no suit can be maintained against the maker *during the period for which the interest has been paid*, unless the right to sue is reserved by the agreement of the parties. The payment of interest *in advance* is not of itself a contract to delay, but is evidence of such contract, and while this evidence may be rebutted, yet in the absence of any rebutting evidence it becomes conclusive." (Italics are new.) (Cf. *Kings County Trust Co.* v. *Giovinco*, 266 N. Y. 137.) In this case there has been no " period for which the interest has been paid " in advance. In January,

1933, the mortgagee agreed to accept in monthly installments interest which had become due and payable earlier. The principal of the mortgage debt was long since due. The mortgagee might have demanded at any time, payment both of principal and past due interest. There was no contract, express or implied, which would have given the principal debtor the right to refuse payment of principal and past due interest and there never was an instant of time when some interest was not past due. Even a binding agreement to accept payment of past due interest in monthly installments — and we do not intimate that here the mortgagee's agreement constituted more than a proffered favor without binding effect — would not have discharged the surety. (*Coe* v. *Cassidy*, 72 N. Y. 133.)

In this case the surety claims that unqualified benefit bestowed upon the principal debtor and leniency and consideration shown to the principal debtor discharges the surety. That is not the law of this State. The surety guaranteed the performance of the obligation of the principal debtor. The creditor's agreement to forego part of his rights does not discharge the surety from responsibility for failure of performance by the principal debtor of that part of the original obligation which still remains and *which remains untouched and unaffected by the creditor's remission of the remainder of the obligation*. The surety is held to no obligation which he did not assume and if the surety meets that obligation he will be subrogated to the creditor's cause of action against the principal debtor, in accordance with the terms of the original contract.

The judgments should be reversed and judgment granted for the plaintiff, with costs in all courts.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.