**F. D. BOLLINGER, Appellant,**

v.

**RHEEM MANUFACTURING COM-
PANY, Appellee.**

**No. 9111.**

United States Court of Appeals
Tenth Circuit.

Aug. 21, 1967.

Eugene E. Klecan, Albuquerque, N. M.,
for appellant.

William C. Schaab, Albuquerque, N.
M., (Rodey, Dickason, Sloan, Akin &

Robb, Albuquerque, N. M., with him on the brief), for appellee.

Before JONES*, SETH and HICKEY, Circuit Judges.

SETH, Circuit Judge.

The appellee, Rheem Manufacturing Company, filed this action to enforce appellant's personal guaranty. After trial to the court, judgment was entered for Rheem in the amount of $9,044.15. The guarantor Bollinger has taken this appeal.

Appellee Rheem entered into a warehousing agreement with Star Warehouse Company and Brown Pipe and Supply Company whereby Rheem shipped goods to itself for storage at Star Warehouse. Star Warehouse released Rheem's goods to Brown Pipe on invoices prepared by Star Warehouse, and on Friday of each week Brown Pipe was supposed to pay Rheem for goods released by Star Warehouse during the week. Star Warehouse was to accept Brown Pipe's payment and forward payment to Rheem in Chicago. Also according to the arrangement, if Brown Pipe failed to make payment at the end of the week, further deliveries by Star Warehouse of Rheem's goods were forbidden.

Trinity Universal Insurance Company as surety for Star Warehouse executed a fidelity bond indemnifying Rheem against loss from fraudulent or dishonest acts of Star Warehouse, its officers and employees. The appellant, F. D. Bollinger, individually executed an indemnity agreement in favor of Rheem guaranteeing the performance of Star Warehouse under the agreement of July 1962. This action was brought on this guaranty.

The trial court found that appellant intended to bind himself personally on the guaranty, that Rheem accepted the guaranty as the appellant's personal obligation, and that consideration supported the guaranty.

The trial court found that the principal stockholders of Star Warehouse were also the principal stockholders of Brown Pipe.

Appellant Bollinger was the bookkeeper for Brown Pipe and was also secretary-treasurer of Star Warehouse. In this dual capacity he administered the Rheem-Star Warehouse-Brown Pipe agreement until the early part of December 1963, when he was relieved of his bookkeeping duties with Brown Pipe. The appellant until the same time also prepared and signed Brown Pipe's checks for goods released by Star Warehouse to Brown Pipe and mailed the checks to Rheem. It appears that Rheem some time prior to this date requested that the checks of Brown Pipe be mailed by Star to Rheem's office in Dallas, rather than to Chicago, and appellant thereafter did so for Star.

It appears that when appellant ceased to have bookkeeping authority for Brown Pipe during the first week in December 1963, he advised a Rheem representative of this fact. Thereafter, on December 13 and 20, Star Warehouse released goods to Brown Pipe which issued checks for these goods payable to Rheem on December 16 and 22. These checks however were not covered by sufficient funds, and were never paid although they were twice deposited for collection by Rheem's bank in Dallas in accordance with Rheem's routine practice. On December 27 Star Warehouse released additional goods to Brown Pipe, but no check for payment of them was ever mailed to Rheem. Star Warehouse also released additional goods to Brown Pipe on January 3 and 10, 1964, for which Rheem also never received checks in payment.

The trial court concluded that the agreement of July 1962 required Star Warehouse to obtain weekly checks from Brown Pipe in payment for goods released, but that Star Warehouse had no duty to determine if Brown Pipe's checks were covered by sufficient funds. The trial court determined also that the deliveries of January 3 and 10 by Star Warehouse breached the agreement of

---

* Of the Fifth Circuit, by Designation.

July 1962 because Brown Pipe had not made payment to Rheem for the December 27 deliveries and Star Warehouse was forbidden to make additional deliveries of Rheem's goods if Brown Pipe failed to make payment for goods released during the preceding week. The court therefore found appellant Bollinger liable to Rheem under his guaranty for the invoice price of the goods released by Star Warehouse on January 3 and 10 in violation of the Rheem-Star Warehouse-Brown Pipe agreement.

■ Appellant here argues that he was discharged from the guaranty under the law of New York, which the parties agree is controlling, because performance of the agreement of July 1962 varied or deviated from its written provisions. We are referred to New York cases declaring that a guarantor "is discharged by any alteration of the contract to which his guaranty applied, whether material or not, and the courts will not inquire whether it is or is not to his injury." Becker v. Faber, 280 N.Y. 146, 19 N.E.2d 997, 121 A.L.R. 1010 (1939); Page v. Krekey, 137 N.Y. 307, 33 N.E. 311, 21 L.R.A. 409 (1893).

■ The first variation asserted by appellant to cause his release is that Brown Pipe mailed its weekly checks directly to Rheem, while the agreement of July 1962 required Star Warehouse to transmit Brown Pipe's checks to Rheem. This argument is without merit. While appellant served in a dual capacity as Brown Pipe's bookkeeper and as Star Warehouse's secretary-treasurer, he prepared and signed the weekly checks as Brown Pipe's bookkeeper, but mailed the checks to Rheem as an officer of Star Warehouse. Thus, if there was a variation, it was brought about through appellant's actions.

■ The second variation alleged is that the weekly checks were sent to Rheem's office in Dallas, while the agreement provides that Star Warehouse will send the checks to Rheem's office in Chicago. It appears that Rheem requested, and Star Warehouse accepted, this change in address. Again if this was a variation, the record discloses that appellant consented to the change as an officer of Star Warehouse, and as a guarantor actively participating in supervision of the agreement of July 1962. Appellant's conduct discloses his consent to the change and he is estopped to assert the variation to avoid his guaranty. Appellant is liable to Rheem on his guaranty for those losses caused by nonperformance of Star Warehouse.

A separate issue on appeal concerns a pretrial settlement of $5,500 between Rheem and the bonding company protecting Rheem against fraudulent conversion and dishonest acts of Star Warehouse, its officers and employees. The bonding company was dismissed from the action at the start of trial.

Count two of Rheem's complaint alleged the indebtedness of the bonding company in the sum of $18,210.45. The foregoing sum represents the alleged invoice price of goods released by Star Warehouse on December 13, 20, and 27, and on January 3 and 10. Rheem alleged that such goods were released through the dishonest acts of Star Warehouse. Count three of the complaint alleged that appellant individually was also liable on his guaranty to Rheem in the sum of $18,210.45. Although counts two and three are directed to different defendants whose liability is predicated on different theories of recovery, one on a fidelity bond and the other on a personal guaranty, the loss alleged in each count is identical and represents the invoice price of goods released by Star Warehouse from December 13 through January 10.

Appellant argues that the pretrial settlement of $5,500 should be allowed to offset the judgment entered against him. Appellant's theory is that counts two and three alleged the same losses for the same goods released by Star Warehouse; therefore, failure to allow the pretrial settlement as an offset will result in a double recovery by Rheem for the same losses.

The trial court, informed of the double recovery issue, found that appellant and the bonding company were not joint obligors but that each was severally liable on different causes of action, though the same losses measured the maximum liability of each.

The losses and liabilities alleged in counts two and three were in dispute. The allegations of count two were resolved by settlement between Rheem and the bonding company. The allegations of count three were resolved by trial, resulting in a judgment that appellant was liable to Rheem for $9,044.15, the invoice price of those goods released by Star Warehouse on January 3 and 10. The judgment entered against appellant does not establish Rheem's losses for goods released on December 13, 20, and 27, nor does the judgment establish that the bonding company was liable to Rheem for the invoice price of any goods released at any time from December 13 through January 10. These questions were never litigated.

 We do not dispute the rule that a plaintiff cannot twice recover for the same damages, but we think that an allegation of double recovery presents a question of proof. We conclude that appellant, who asserted the double recovery, had the burden to show that the settlement and satisfaction of the judgment entered against him would together constitute a double recovery by Rheem for the same losses. Appellant has not carried this burden as there is no evidence in the record indicating the alleged losses to which the settlement applied.[1] The only evidence is Rheem's allegation that the bonding company was liable for losses of $18,210.45 for goods released on five different occasions from December 13 through January 10, and that this

dispute was resolved by a settlement for $5,500. The settlement and the judgment, taken together, fall short of Rheem's alleged total loss.[2] The appellant has not shown a double recovery by Rheem for the same losses.

The trial court found no superior equity that might warrant offsetting the judgment entered against the appellant by the amount of the settlement, and we agree.

The judgment is affirmed.

---

1. As the trial ended, Rheem's counsel said: "Well, Your Honor, let me suggest this; that the conditions of Trinity's bond would probably have been more clearly satisfied with respect to the checks, than they would have with respect to the \* \* \*." The checks referred to are the uncollected checks issued by Brown

Pipe on December 16 and 22. Counsel's remarks are not evidence.

2. The record contains an unsatisfied default judgment against Star Warehouse in the sum of $18,210.45. The judgment is identical in amount to Rheem's separate claims against appellant and the bonding company.