JACK STAHL, Appellant, v. ROVINS & WEST, INC., Respondent.

First Department, February 20, 1968.

*Melvyn Schwartz* of counsel (*Schwartz & Lorge*, attorneys), for appellant.

*David L. Pell* (*Jonathan W. Lubell* with him on the brief), for respondent.

*Per Curiam.* The creditor payee-indorser of a promissory note discounted the note with plaintiff-appellant's assignor, paid the fee and received the proceeds. Subsequently, the note was renewed on seven occasions, the debtor maker paying interest on each renewal, and the payee-indorser's indorsement being legitimately affixed in each instance. An eighth renewal note was thereafter delivered by the maker upon which the indorsement of the payee-indorser had been forged. Appellant holder seeks recovery from the respondent payee-indorser upon the *original* promissory note.

The surrender of a note and the acceptance of a renewal note without knowledge that the new note is a forgery do not discharge the original note nor the parties thereto. An extension of time, to operate as a variation of the principal's obligation and thus serve to discharge one secondarily liable, must be a valid and binding agreement. Under the Negotiable Instruments Law (in force at the time of all of the notes herein) as well as the common law only an agreement binding upon the holder operates to release a party secondarily liable. That the renewal agreement is made in consideration of the payment of interest will not prevent repudiation by the holder upon discovery of the fact that the indorser's signature is forged. In the circumstances, the receipt of the eighth renewal note did not operate to discharge the original note nor extinguish the appellant holder's right of action thereon. (Stearns, Law of Suretyship [Elder's Rev., 5th ed.], § 6.18, pp. 135, 136; 11 Am. Jur., 2d, Bills and Notes, §§ 298, 946; *Smith* v. *Powers*, 255 F. 582, 594–595 [U. S. Dist. Ct., N. D. N. Y.]; *Becker* v. *Faber*, 280 N. Y. 146, 151.)

Accordingly, the judgment entered June 13, 1967, after trial by the court without a jury, should be modified, on the law, with costs and disbursements to plaintiff-appellant, to the extent of reversing that part thereof which denied judgment to the plaintiff on the first cause of action of the second amended complaint, and by directing judgment for plaintiff on said cause of action, and otherwise affirmed, with costs and disbursements to plaintiff-appellant.

Stevens, J. P., Eager, Steuer, Tilzer and McNally, JJ., concur.

Judgment modified, on the law, to the extent of directing judgment in favor of plaintiff on the first cause of action of the second amended complaint, and, as so modified, affirmed, with $50 costs and disbursements to the appellant.