361 So.2d 765 (1978)
REGAL SHOE SHOPS, a Division of Wohl Shoe Company, a Missouri Corporation, Appellant,
v.
Martin G. KLEINMAN, Appellee.
No. 77-120.
District Court of Appeal of Florida, Third District.
July 11, 1978.
Rehearing Denied September 6, 1978.
Friedman & Britton and J. Robert Olian, Miami, for appellant.
Goethel & Garcia-Vidal and Richard Karl Goethel, Coral Gables, for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
*766 PEARSON, Judge.
The appellant, Regal Shoe Shops, was the plaintiff in the trial court. The appellee, Martin G. Kleinman, was the defendant. This appeal is from a summary final judgment for Kleinman upon Regal's action against Kleinman in Kleinman's capacity as guarantor of a lease agreement for real property in the State of New York. The lease and the guarantee of the lease, as well as the dealings between the parties subsequently mentioned, all took place in the State of New York. It is our conclusion that the construction of the lease, the guarantee and the effect of the subsequent dealings between the parties were all governed by the law of the State of New York. See Connor v. Elliott, 79 Fla. 513, 85 So. 164 (1920); and Quintana v. Ordono, 195 So.2d 577 (Fla.3d DCA 1967).
Regal entered into a written lease whereby it leased office space in New York City to a corporation known as Snelling & Snelling Lower Manhattan, East, Inc. Defendant Kleinman was the president, a director and the sole shareholder of Snelling. He executed a written guarantee whereby he guaranteed the full performance of the terms and conditions of the lease. Several modifications of the lease were made. First, the landlord consented to the subleasing of a portion of the leased premises. Second, Snelling released its rights to the blockage of a display window in a subway arcade entrance. Third, Regal agreed to accept a lump sum arrearages payment and to extend the monthly payment to thirty days, to change the rental due date from the first of the month to the tenth and to allow Snelling the right to sublet the premises. All of these modifications were made with Kleinman's knowledge and through him as the corporation officer. Kleinman did not individually agree to the changes made.
After Snelling abandoned the premises, Regal sued Snelling in New York State and received a judgment for rent arrearages. The trial court in the present action entered summary judgment for Kleinman on the ground that the modification of the lease agreement without Kleinman's consent discharged the guarantee.[1] See Becker v. Faber, 280 N.Y. 146, 19 N.E.2d 997 (1939). The appellee urges as an additional ground for affirmance that the record shows, without genuine issue of material fact, the establishment of his defense of constructive eviction. We do not set forth the facts related to this condition because the record reveals that the entry of the summary judgment was on the basis set forth above and the record clearly shows a genuine issue of material fact of whether there was a constructive eviction.
We hold that it was error to enter the summary judgment for the defendant because the New York cases support the legal proposition that despite the general rule to the contrary, a corporation officer is not discharged in his capacity as an individual guarantor by an alteration or modification of the contract of guarantee where the variation in the contract was brought about through the guarantor's actions. See Bollinger v. Rheem Manufacturing Company, 381 F.2d 182 (10th Cir.1967); and M.H. Metal Product Corporation v. April, 251 N.Y. 146, 167 N.E. 201 (1929). The reasoning of the New York court is that if the variation in the contract is brought about through the guarantor's action, or his conduct discloses his consent to the change, he is estopped to assert the variation to avoid his guarantee. Cf. Bass v. Span East Airlines, Inc., 289 So.2d 466, 468 (Fla. 3d DCA 1974). The facts of this case viewed in light of the New York law which recognizes the exception to the general rule presents a genuine issue of material fact of whether Kleinman's actions disclose his consent to the changes and whether he is thereby estopped *767 to assert the variations to avoid this action on his guarantee.
Reversed and remanded for further proceedings according to the views herein expressed.
NOTES
[1] "THE COURT: You're suing Kleinman right now?

"MR. GUNDLACH: That's right. They have raised an affirmative defense that there were all sorts of problems with the heating system and 
"THE COURT: That's not the issue.
"The issue is how are you going to go against a guarantor without a guarantor.
"MR. GUNDLACH: Very simply, Judge.
"THE COURT: That's your issue. All the rest of this is surplus."