FIRST UNION NATIONAL BANK OF NORTH CAROLINA v. RICH E. KING

No. 8227DC989

(Filed 6 September 1983)

1. **Appeal and Error § 14— notice of appeal given after ten days not timely**
   Under Rule 3(c) of the N.C. Rules App. Proc. and G.S. 1-279(c), the plaintiff had ten days to give notice of appeal after defendant gave notice of appeal in open court. Since it did not do so, its appeal on an issue concerning attorney's fees was not before the Court.

2. **Guaranty § 2— guaranty agreement—new promissory note with additional promissor—no notice to guarantors—guarantor liable on new note**
   Where a creditor cancelled a note on which the guarantor was liable for the debts of a principal and issued a new note to the same principal and an additional principal as partners and individually without disbursing any new funds and without notifying the guarantor of the new note or addition of a new principal, the guarantor was liable for payment on the new note.

APPEAL by defendant from *Phillips (J. Ralph), Judge.* Judgment entered 31 March 1982 in District Court, GASTON County. Heard in the Court of Appeals 23 August 1983.

The plaintiff brought this action to collect an amount due on a promissory note on which the defendant is alleged to be the guarantor.

On 3 May 1978, the defendant signed an unconditional guaranty agreement guaranteeing to the plaintiff the payment of the obligations of Lloyd Williamson, d/b/a Wayne's TV Service, up to the sum of $5,000. Williamson borrowed $5,000 on the same date from the plaintiff with a security agreement on all of his inventory and equipment.

On 24 October 1978, Williamson and Bill Bingham signed a promissory note with the plaintiff in the amount of $4,083.46. They signed the note both as partners and individually.

When the 24 October note was executed, the 3 May note was cancelled by the plaintiff. No new funds were disbursed, but the

interest accrued on the May note from 1 October until 24 October was added to the principal of the October note.

Williamson and Bingham executed a security agreement to the plaintiff. The defendant was not notified of the formation of the partnership or that a promissory note was executed on 24 October.

When Williamson and Bingham defaulted on the October note, the plaintiff notified the defendant and demanded payment under the guaranty agreement. The defendant has not paid the amount due on the promissory note.

The trial judge entered judgment for the plaintiff in the amount due on the October note plus interest. The defendant appealed from that judgment.

The trial judge did not, however, order that the plaintiff could recover as reasonable attorney's fees an amount up to fifteen percent of the indebtedness outstanding at the time the complaint was filed. On 19 April 1982, the trial judge permitted the plaintiff to include this fact in an amended appeal entry. But when the record on appeal was settled on 1 September 1982, the trial judge overruled the plaintiff's objection "on the grounds that the Court did not make a conclusion of law that the Plaintiff was not entitled to recover reasonable attorneys fees equal to 15%, however, awarding attorneys fees was in the discretion of the trial Judge."

*Peter Thompson for plaintiff-appellee.*

*Gray & Stroud, by Charles D. Gray, III, for defendant-appellant.*

ARNOLD, Judge.

Two appellate rule violations must first be addressed before we consider the merits of this case.

[1] The plaintiff contends that the absence of an award of attorneys' fees in the judgment should be reviewed by this Court on appeal. We disagree because timely notice of appeal was not given.

The judgment was entered on 31 March 1982 and the defendant gave notice of appeal in open court. The amended appeal

entry, which stated for the first time that the plaintiff was appealing, was dated 19 April 1982.

Under Rule 3(c), N.C. Rules App. Proc. and G.S. 1-279(c), the plaintiff had 10 days to give notice of appeal after the defendant's appeal in open court. Since it did not do so, its appeal on the attorney's fees issue is not before this Court. Rule 3(c) and G.S. 1-279(c) are jurisdictional. *Giannitrapani v. Duke Univ.*, 30 N.C. App. 667, 228 S.E. 2d 46 (1976).

Although the defendant failed to list the relevant exceptions and assignments of error after his issue in his brief as Rule 28(b)(5) suggests, his exception is not abandoned because he did note them properly in the record. *See* Rule 10(b)(1) and (c). We now turn to the substantive issue presented by this case.

[2]  This case presents the following question: when a creditor cancels a note on which the guarantor is liable for the debts of a principal and issues a new note to the same principal and an additional principal as partners and individually without disbursing any new funds and without notifying the guarantor of the new note or addition of a principal, is the guarantor liable for payment on the new note?

The RESTATEMENT OF SECURITY (1941) [hereinafter Restatement] provides guidance in resolving this case. Section 128 states in part:

> Where, without the surety's consent, the principal and the creditor modify their contract otherwise than by extension of time of payment
>
> (a) the surety, other than a compensated surety, is discharged unless the modification is of a sort that can only be beneficial to the surety. . . .

It should first be noted that the defendant is not a compensated surety. That designation contemplates "a person who engages in the business of executing surety contracts for a compensation called a premium, which is determined by a computation of risks on an actuarial basis." Restatement Section 82, comment i.

But the defendant was not discharged when the plaintiff modified its contract with the principal because the modification

could only benefit the surety. The October note that was substituted for the cancelled May note reduced the debt of the principals by almost $1,000.

In addition, a second principal was added on the October note, which gave the plaintiff another person to look to for payment of the debt before looking to the defendant. These changes could only benefit the defendant. *See* Restatement § 128, comment e and illustration 6 to that comment.

We also note the principle that construction of a contract like the guaranty agreement in this case is a matter of law for the courts when the language is plain and unambiguous. *Gillespie v. DeWitt,* 53 N.C. App. 252, 266, 280 S.E. 2d 736, 746, *disc. rev. denied,* 304 N.C. 390, 285 S.E. 2d 832 (1981). Contracts of surety fare interpreted by general contract rules of construction. Restatement § 88.

With this principle in mind, we note the statement in the guaranty that the defendant enters the agreement "in order to induce FUNB, from time to time; in its sole discretion, to extend or continue credit . . . and enter into various contractual relationships with Customer [the principal]. . . ." The defendant also waived any notice "of entering into and engaging in business transactions and/or contractual relationships and any other dealings between Customer and FUNB. . . ." These provisions illustrate that the guaranty agreement was not meant only to cover the May note.

Affirmed.

Judges WEBB and BRASWELL concur.