DEVEREUX PROPERTIES, INC., PLAINTIFF v. BBM&W, INC., D/B/A SOFAS BY DESIGN, JOHN V. MOORE, JOHN BLACKWELDER, G. GENE WILHELM, AND BILLY BURNETTE, DEFENDANTS

No. 9326SC414

(Filed 3 May 1994)

1. **Guaranty § 13 (NCI4th)— guarantors of lease agreement— modifications of lease—obligation of guarantors**

There was no merit to defendants' contention that their obligations as guarantors of a lease agreement should not extend to modifications of the original lease because their guaranty agreement did not cover modifications, since defendants were estopped from denying responsibility for the modifications in that they were not innocent third parties but were instead experienced businessmen who stood to benefit from the modifications.

**Am Jur 2d, Guaranty §§ 26 et seq.**

2. **Guaranty § 13 (NCI4th)— guarantor of lease agreement— responsibility for attorney's fees**

Defendants as guarantors of a lease agreement were responsible for attorney's fees where the guaranty agreement covered "each and every obligation of Tenant under this Lease Contract," and the lease required the tenant to pay reasonable attorney's fees in the event of a default.

**Am Jur 2d, Guaranty §§ 26 et seq.**

3. **Costs § 26 (NCI4th)— reasonable attorney's fees—15% of outstanding balance awarded**

The trial court erred in awarding the actual amount of attorney's fees incurred instead of awarding 15% of the outstanding balance owed on the lease since, if a lease refers

DEVEREAUX PROPERTIES, INC. v. BBM&W, INC.

[114 N.C. App. 621 (1994)]

to "reasonable attorney's fees" and does not stipulate a specific percentage, N.C.G.S. § 6-21.2(2) applies and the amount of attorney's fees is 15% of the outstanding balance.

**Am Jur 2d, Costs §§ 72-86.**

Appeal by plaintiff and defendants from judgment entered 6 January 1993 by Judge Robert M. Burroughs in Mecklenburg County Superior Court. Heard in the Court of Appeals 3 February 1994.

*Kennedy Covington Lobdell & Hickman, by Alice Carmichael Richey and Dana E. Handy, for plaintiff.*

*Helms, Cannon, Hamel & Henderson, by H. Parks Helms and Christian R. Troy, for defendants.*

LEWIS, Judge.

Plaintiff sued to recover unpaid rent and costs owed by defendant BBM&W, Inc. (hereinafter "BBM&W") under a lease and guaranty agreement. The trial court entered judgment for plaintiff in the amount of $178,610.32, and also awarded plaintiff attorneys' fees of $9,983.00. The individual defendants appeal from the court's order holding them individually liable, and plaintiff appeals the amount of attorneys' fees awarded.

On 6 May 1987 Crosland-Erwin-Merrifield Associates No. XVII (hereinafter "Crosland") entered into a lease agreement with BBM&W for office space. Defendant G. Gene Wilhelm executed the lease on behalf of BBM&W, and defendant John V. Moore attested to it. On or about 6 May 1987, Wilhelm, Moore, defendant John Blackwelder, and defendant Billy Burnette executed personal guaranties for the performance of all of BBM&W's obligations under the lease. On 30 July 1987 Crosland and BBM&W executed an amendment changing the name on the lease to "BBM&W d/b/a Sofas by Design" and extending the lease term by one month. Two subsequent amendments expanded the square footage and increased the rent. Each of the amendments was executed by Wilhelm as president of BBM&W and attested to by Moore as corporate secretary. All individual defendants stipulated that they consented to each of the amendments in their capacities as corporate officers. There were no corresponding amendments to the guaranty agreement. On 29 March 1990 Crosland assigned the lease to plaintiff Devereux Properties, Inc. (hereinafter "Devereux").

**DEVEREAUX PROPERTIES, INC. v. BBM&W, INC.**

[114 N.C. App. 621 (1994)]

BBM&W repeatedly failed to pay rent and other charges due under the lease. Devereux filed suit on 20 September 1991 to recover the unpaid rent and related charges as well as reasonable attorneys' fees in the amount of 15% of the balance owing under the lease, pursuant to N.C.G.S. § 6-21.2 (1986). On 13 October 1992 defendants stipulated to the fact that the lease obligated BBM&W to pay attorneys' fees to Devereux. Devereux properly notified defendants of their statutory right, under section 6-21.2(5), to pay the outstanding balance owing under the lease without incurring any attorneys' fees.

The individual defendants now appeal from the court's judgment holding them individually liable for sums due under the original lease and each amendment. They contend that their obligation as guarantors is limited to the amount due under the original lease and its one-month extension and does not extend to any modifications of the lease. They further argue that they are not responsible for attorneys' fees. Devereux also appeals, because the trial judge only awarded $9,983.00, the actual attorneys' fees incurred, instead of 15% of the balance due.

I.

[1] Defendants concede that they are responsible for the sums due under the original lease, but argue that their obligation as guarantors should not extend to modifications of the original lease, because their guaranty agreement did not cover modifications. The second and third lease amendments, according to defendants, constitute "major modifications" because they almost tripled the amount of space leased and rent charged. The trial court referred to these changes as modifications in its conclusions of law. The guaranty agreement, however, specifically states that defendants "agree to perform each and every obligation of Tenant under this Lease Contract or any extension or renewal thereof." According to defendants, guaranty agreements usually refer to renewals, extensions and modifications. See Love v. Bache and Co., 40 N.C. App. 617, 618, 253 S.E.2d 351, 353 (1979). Defendants contend that the absence of a reference to modifications in the agreement in the case at hand, therefore, is significant. Defendants also rely on the general rule that a material alteration of a contract between a principal debtor and creditor without the consent of the guarantor discharges the guarantor of its obligation. Kirkhart v. Saieed, 98 N.C. App. 49, 54, 389 S.E.2d 837, 840 (1990).

According to plaintiff, defendants should be estopped from asserting either that the modifications were outside the scope of the original guaranty agreement or that they are discharged on the basis of a material alteration. As plaintiff notes, the policy behind these rules is to protect a guarantor from alterations to the underlying contract which increase the guarantor's risk over that which was assumed in the original agreement. *See U.S. Shoe Corp. v. Hackett*, 793 F.2d 161, 162-63 (7th Cir. 1986) (applying Wisconsin law). An exception to these rules holds the guarantor responsible for any changes to which he has either expressly or impliedly consented. *See Bank of Commerce v. Riverside Trails*, 367 N.E.2d 993, 997 (Ill. App. Ct. 1977) (stating that a guarantor's knowledge and express or implied consent to change is a "familiar exception" to the rule relieving a guarantor from liability by reason of change); *Regal Shoe Shops v. Kleinman*, 361 So. 2d 765 (Fla. Dist. Ct. App. 1978) (applying N.Y. law) (stating that guarantor responsible for changes made with guarantor's knowledge and through him as a corporate officer and that guarantor estopped from asserting variation to avoid obligation), *cert. denied*, 368 So. 2d 1369 (Fla. 1979); *Bollinger v. Rheem Mfg. Co.*, 381 F.2d 182 (10th Cir. 1967); *Hackett*, 793 F.2d at 163. Consent to an increase in liability may be implied from a guarantor's actions as a corporate officer. *See Regal*, 361 So. 2d at 766; *Bollinger*, 381 F.2d at 18 (holding that guarantor estopped from asserting modification where guarantor was bookkeeper and secretary-treasurer and had either brought about the modification or had consented to it).

Defendants argue that estoppel should not apply in this case, because their actions in their capacities as corporate officers should not substitute for actions in their capacities as guarantors. Defendants contend that their actions do not fall within any exceptions to the requirement of consent of the guarantors to lease modifications: they have not benefitted from the modifications, *see First Union National Bank of N.C. v. King*, 63 N.C. App. 757, 759-60, 306 S.E.2d 508, 510 (1983) (holding that consent to modification not necessary if the modification would serve to benefit the guarantor), nor did they contemplate such modifications when they entered into the guaranty agreement. *See Love*, 40 N.C. App. at 619, 253 S.E.2d at 353 (holding that guarantor bound by extensions which were within the intent of the agreement)

Although there is no North Carolina law directly on point, there is an analogous case helpful to our resolution of this issue.

In *Caldwell County v. George,* 176 N.C. 602, 97 S.E. 507 (1918), the Court held that the defendant, who had personally assured and guaranteed certain checks, could not complain about a delay in the presentation of the checks, because the delay was at the "special instance and request of defendant." *Id.* at 610, 97 S.E. at 510. The Court further held that the defendant would not be relieved from liability due to changes or modifications of the original contract, because "the action of the plaintiff was with [the defendant's] knowledge and approval and at his instance." *Id.*

Based on the reasoning of *Caldwell* and the decisions from several other jurisdictions, we hold that defendants are estopped from denying responsibility for the modifications. Defendants were not innocent third parties; they were experienced businessmen who stood to benefit from the modifications. *See Bank of Commerce,* 367 N.E.2d at 997-98. "Having authorized the [modifications] and received [their] benefits, they cannot now be regarded as innocent third parties such as the law of guaranty is designed to protect." *Id.* at 999.

## II.

**[2]** Defendants also contend that they are not liable for attorneys' fees, because the guaranty agreement, unlike the lease, did not include a provision regarding attorneys' fees. *See EAC Credit Corp. v. Wilson,* 281 N.C. 140, 187 S.E.2d 752 (1972) (holding that guarantors are not liable for attorneys' fees absent specific language in guaranty regarding attorneys' fees). We find the recent case of *RC Associates v. Regency Ventures, Inc.,* 111 N.C.App. 367, 432 S.E.2d 394 (1993) to be directly on point. In that case the Court held the guarantors liable for attorneys' fees where the guaranty agreement provided that the guarantors "unconditionally guarantee[d] the full and punctual payment of the rent and other charges provided for in [the] lease," and the lease provided for collection of attorneys' fees if necessary to collect rent. *Id.* at 373, 432 S.E.2d at 398.

Similarly, in the case at hand, the guaranty agreement covered "each and every obligation of Tenant under this Lease Contract." The lease required the tenant to pay reasonable attorneys' fees in the event of a default. Defendants, therefore, are responsible for attorneys' fees.

III.

[3] Finally, plaintiff argues the court erred in awarding the actual amount of attorneys' fees incurred instead of awarding 15% of the outstanding balance owed on the lease. According to N.C.G.S. § 6-21.2(2), if a

> note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

Plaintiff argues the statute applies in the present case, because the lease provides for "reasonable attorney's fees" without specifying a percentage.

*RC Associates* is dispositive of this issue as well. There, the Court held that if a lease refers to "reasonable attorney's fees" and does not stipulate a specific percentage, section 6-21.2(2) applies and the amount of attorneys' fees is 15% of the outstanding balance. 111 N.C. App. at 372, 432 S.E.2d at 397.

We hold the trial court should have awarded 15% of the outstanding balance due as attorneys' fees and accordingly remand for entry of judgment not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.

Judges JOHNSON and EAGLES concur.