SHERWIN-WILLIAMS CO. v. ASBN, INC.

[163 N.C. App. 547 (2004)]

Affirmed.

Judges CALABRIA and ELMORE concur.

---

THE SHERWIN-WILLIAMS COMPANY, Plaintiff v. ASBN, INC. d/b/a FISHMARKET RESTAURANT, INC., FISHMARKET RESTAURANT, INC., NATHAN ALBERTY, BETTY D. ALBERTY, MARIA JANDERA and JOSEPH ZAHRADNICEK, Defendants

No. COA03-676

(Filed 6 April 2004)

**Guaranty; Landlord and Tenant— default on commercial lease—personal guarantor—estoppel**

The trial court did not err by granting summary judgment in favor of plaintiff in an action for monetary damages based on the default of a commercial lease and by concluding that defendant was estopped from denying his liability as a personal guarantor under the new lease even though defendant contends he signed a new lease in his capacity as vice-president of the corporation without executing a personal guaranty in connection with the lease amendment and extension, because: (1) although the record reflected that defendant ultimately suffered pecuniary losses as a result of the new lease, it also reflected that at the time the new lease was executed, the new lease operated to benefit defendant by extending his company's tenancy on the plaintiff's property for several years, giving defendant an opportunity to benefit from the extended operation of the business and the resulting profits; and (2) defendant consented to and authorized the terms in the new lease in order to benefit his company, and consent to an increase in liability can be implied from a guarantor's actions as a corporate officer.

Appeal by defendant from order entered 5 March 2003 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 1 March 2004.

*Robert D. Potter, Jr., for plaintiff-appellee.*

*Parker, Hanzel, & Newkirk, L.L.P., by M. Clark Parker, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Nathan Alberty ("defendant") appeals the trial court's order granting summary judgment in favor of The Sherwin-Williams Company ("plaintiff"). For the reasons stated herein, we affirm the trial court's order.

The evidence presented at the summary judgment hearing is as follows: On 24 September 1987, plaintiff leased commercial property in Charlotte, North Carolina, to James H. Simmons ("Simmons"). Simmons later assigned his interest in the lease to ASBN, Inc. ("ASBN"). The lease provided that unless ASBN exercised an option to renew included in the lease, the lease was to expire on 30 December 1994. However, the lease also contained a hold-over provision that automatically authorized a year-to-year tenancy if the tenant remained in possession of the premises after the expiration date of the lease and without the consent of plaintiff.

On 26 September 1988, Betty Alberty, Maria Jandera, Joseph Zahradnicek, and defendant all signed a personal guaranty assuring full performance by ASBN of the lease terms. After expiration of the lease, ASBN continued to occupy the premises as a hold-over tenant. On 28 February 1997, plaintiff and ASBN entered into a "lease amendment and extension," which bound ASBN to the lease retroactively from 1 January 1995 until 30 December 1999. While no personal guaranty was executed in connection with the "lease amendment and extension," defendant, the sole signor of the "lease amendment and extension," signed it in his capacity as vice-president of ASBN. ASBN defaulted on its lease after September 1998.

Plaintiff initiated this action on 1 June 1999, seeking damages in connection with ASBN's default on the lease. On 4 November 1999, defendant and Betty Alberty moved for summary judgment against plaintiff. On 10 January 2000, plaintiff responded by filing a cross-motion for summary judgment against all defendants. On 30 March 2000, the trial court granted summary judgment in favor of defendant and Betty Alberty and against plaintiff. The trial court also denied plaintiff's motion for summary judgment against defendant and Betty Alberty, and granted plaintiff's motion for summary judgment against ASBN and defendants Jandera and Zahradnicek.

Plaintiff appealed the denial of its motion for summary judgment against defendant and Betty Alberty. In *Sherwin-Williams Co. v. ASBN, Inc.*, 145 N.C. App. 176, 180, 550 S.E.2d 527, 530 (2001)

("*ASBN, Inc. I*"), this Court affirmed the trial court's judgment as to Betty Alberty and reversed and remanded the judgment as to defendant. On remand, plaintiff again moved for summary judgment against defendant on 20 February 2003. On 5 March 2003, the trial court granted plaintiff's motion. From this order, defendant appeals.

---

The only issue in the present appeal is whether the trial court properly granted summary judgment in favor of plaintiff. Defendant argues that the trial court erred in its determination that defendant is estopped from denying his personal guaranty continued on the lease after 28 February 1997. For the reasons discussed herein, we conclude that defendant's previous personal guaranty continued on the lease, and we affirm the trial court's order granting summary judgment in favor of plaintiff.

In *ASBN, Inc. I*, we determined that the 28 February 1997 "lease amendment and extension" was a new lease, not an extension or amendment of the 1987 lease. 145 N.C. App. at 179, 550 S.E.2d at 530. Therefore, we affirmed the trial court's order granting summary judgment in favor of Betty Alberty, who had not signed as a guarantor of the new lease. *Id.* at 180, 550 S.E.2d at 530. Although we noted that defendant had not signed as a guarantor of the new lease, we also noted that his signature as vice-president of ASBN authorized the new lease. *Id.* at 179-80, 550 S.E.2d at 530. We recognized that as vice-president of ASBN, defendant "could have benefitted from the new lease[,] which allowed his business to continue in its present location." *Id.* at 180, 550 S.E.2d at 530. We also recognized that if defendant did benefit from the new lease, the law set forth in *Devereux Properties, Inc. v. BBM&W, Inc.*, 114 N.C. App. 621, 442 S.E.2d 555, *disc. review denied*, 337 N.C. 690, 448 S.E.2d 519 (1994) would preclude defendant from denying that his personal liability as guarantor continued under the new lease. *Id.* Therefore, we reversed the summary judgment order as to defendant and remanded to the trial court with instructions to determine whether defendant in fact benefitted under the new lease. *Id.*

On remand, the trial court granted summary judgment in favor of plaintiff. Defendant now argues that the trial court erred in finding that defendant received an individual benefit from the new lease. In support of this argument, defendant submits that he presented the trial court with an affidavit stating that he "invested over $150,000 to keep the restaurant afloat, but to no avail." Defendant further submits that he received no salary or dividend from ASBN, that he

and his wife have twice mortgaged their home, and that he is currently operating an unprofitable tax and accounting business. Defendant's argument that he received no benefit from the new lease is unconvincing.

In *Devereux*, this Court noted an exception to the rule that "a material alteration of a contract between a principal debtor and creditor without the consent of the guarantor discharges the guarantor of [his] obligation." 114 N.C. App. at 623, 442 S.E.2d at 556. The *Devereux* exception "holds the guarantor responsible for any changes to which he has either expressly or impliedly consented." *Id.* at 624, 442 S.E.2d at 556. "Consent to an increase in liability may be implied from a guarantor's actions as corporate officer," particularly where the officer received benefits from the actions. *Id.* at 624, 442 S.E.2d at 557. In formulating the *Devereux* exception, this Court explained that the guarantors in *Devereux* "were not innocent parties; they were experienced businessmen who stood to benefit from the [lease] modifications." 114 N.C. App. at 625, 442 S.E.2d at 557. Thus, " 'having authorized the modifications and received their benefits, they cannot . . . be regarded as innocent third parties such as the law of guaranty is designed to protect.' " *Id.* (quoting *Bank of Commerce v. Riverside Trails*, 52 Ill. App. 3d 616, 623, 367 N.E.2d 993, 999 (Ill. App. Ct. 1977)).

Defendant argues that the new lease only gave him more debt. In *Devereux*, the defendants cited *First Union Nat'l Bank v. King*, 63 N.C. App. 757, 306 S.E.2d 508 (1983) in support of a similar argument. 114 N.C. App. at 624, 442 S.E.2d at 557. In *First Union*, this Court held an uncompensated surety liable on a modified note because the new note decreased the amount the surety guaranteed and therefore benefitted him. 63 N.C. App. at 759-60, 306 S.E.2d at 510. As defendant argues in the case *sub judice*, the defendants in *Devereux* argued that pecuniary gain is necessary to establish continued liability as a guarantor. 114 N.C. App. at 624, 442 S.E.2d at 557. However, we disagreed, holding, as in *Caldwell County v. George*, 176 N.C. 602, 97 S.E. 507 (1918), that a pecuniary gain is not necessary for a guarantor to "benefit" under the *Devereux* exception. *Id.* at 625, 442 S.E.2d at 557.

In *Caldwell*, the defendant was found to be personally liable on checks he guaranteed although there was a delay in cashing the checks. 176 N.C. at 610, 97 S.E. at 510. The Court concluded that the delay was at the "special instance and request of defendant." *Id.* Thus, the Court held, the defendant would not be relieved from liability due

**SHERWIN-WILLIAMS CO. v. ASBN, INC.**

[163 N.C. App. 547 (2004)]

to a modification of the original contract because the modification "was with [the defendant's] knowledge and approval and at his instance." *Id.* In *Devereux*, this Court held the defendants personally liable because the modification of the lease the defendants guaranteed resulted in an extension of the terms of the lease, an expansion of the square footage of the property leased, and a decrease in the amount of rent owed to the lessor by the defendants' corporation. 114 N.C. App. at 622, 442 S.E.2d at 556. We concluded that such contract modifications create benefits for guarantors outside of pecuniary gains, and we held that when guarantors authorize and receive such benefits, the guarantors lose their status as innocent third parties and the protection the law of guaranty provides. *Id.* at 625, 442 S.E.2d at 557.

In the case *sub judice*, defendant received a *Caldwell* and *Devereux*-like benefit when he authorized the new lease. Although the record clearly reflects that defendant ultimately suffered pecuniary losses as a result of the new lease, it also reflects that at the time the new lease was executed, the new lease operated to benefit defendant by extending his company's tenancy on the plaintiff's property for several years. Not only did the new lease therefore give defendant's company an opportunity to continue operating and profiting as a business, it gave defendant—a forty-percent shareholder in the company—an opportunity to benefit from the extended operation and the resulting profits. Furthermore, in his answers to plaintiff's interrogatories, defendant admitted he consented to the execution of the new lease in order to benefit ASBN. We conclude that the foregoing evidence was sufficient to allow the trial court to find that defendant received the type of benefit required by the *Devereux* exception.

Defendant also argues that because he did not negotiate the new lease for ASBN or individually, he should not be held liable as a guarantor of it. In support of this argument, defendant asserts that the affidavit of Ben L. Amoson, Jr. ("Amoson"), plaintiff's director of real estate, does not state that defendant or anyone at ASBN negotiated the new lease. Defendant further asserts that the new lease was prepared and submitted to ASBN for execution by any officer of the corporation, and that "it just happened that defendant executed it as vice-president." We find this argument unconvincing as well.

While Amoson's affidavit does not reference any specific negotiations with defendant, it does reflect that defendant consented to and

**SHERWIN-WILLIAMS CO. v. ASBN, INC.**

[163 N.C. App. 547 (2004)]

authorized the terms included in the new lease. Amoson's affidavit states that prior to the execution of the new lease, defendant signed a proposed lease extension. Although the landowner, Cameron M. Harris ("Harris"), would not consent to the proposal, Amoson's affidavit states that after the dispute with Harris was settled, plaintiff twice sent detailed letters to defendant, explaining how long the lease could be extended and reminding defendant that "the lease amendment and extension" needed to be executed. After defendant did not respond to its letters, plaintiff sent defendant a copy of the new lease, which defendant subsequently signed. Furthermore, defendant admitted in his answers to plaintiff's interrogatories that when he signed the new lease he was acting under authorization by ASBN to sign the lease, and that he personally consented to it. We conclude that the foregoing evidence is sufficient to meet the requirements of the *Devereux* exception, which allows "[c]onsent to an increase in liability" to be implied from "a guarantor's actions as a corporate officer." *Devereux*, 114 N.C. App. at 624, 442 S.E.2d at 557.

In *ASBN, Inc. I*, we recognized that in signing the new lease, defendant might have personally benefitted and thereby become estopped from denying that his personal guaranty continued under the new lease. Therefore, we remanded the case to the trial court to determine whether defendant benefitted under the new lease pursuant to the mandate of *Devereux*. Considering the law of the case and viewing the evidence contained in the pleadings, admissions, affidavits, and answers to interrogatories in the light most favorable to defendant, we conclude that the trial court did not err in determining that defendant consented to the new lease and received the benefit required to hold him liable under *Devereux*. Therefore, the trial court properly concluded that defendant is estopped from denying that his liability as personal guarantor continued under the new lease. Thus, we hold that the trial court did not err in granting summary judgment for the plaintiff.

Affirmed.

Judges HUNTER and LEVINSON concur.